Workmen's Compensation Appeal Board and Walter Clymire, Appellees, *v.* H. P. Foley Company and Liberty Mutual Insurance Company, Insurance Carrier, Appellants.

Submitted on briefs, February 7, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Clem R. Kyle*, with him *Thomas J. Ferris*, for appellants.

*Hymen Schlesinger*, with him *Isadore Schlesinger*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., April 28, 1975:

Walter Clymire (Claimant) was employed by H. P. Foley Company (Appellant) on and prior to September 12, 1969, as a journeyman lineman earning an average weekly wage of $275.00. On September 12, 1969, while in the course of his employment, he slipped and fell into a hole causing accidental injuries to his right knee, right hip, right sciatic nerve and a sacroiliac sprain.

A compensation agreement was executed providing for total disability payments to be paid to Claimant at the rate of $60.00 per week from September 12, 1969. Sub-

sequently on April 27, 1970, Appellant filed a termination petition alleging that Claimant was able to return to work as of January 10, 1970. A hearing was set to determine the merit of the petition, at which Appellant's medical witness testified that he examined Claimant on January 9, 1970, and, in his opinion, Claimant was able to return to work. However, Claimant's medical witness testified that he found Claimant to be suffering from a 35-40% disability. An order was entered upon the petition terminating compensation. On appeal, the Workmen's Compensation Appeal Board (Board) remanded for the purpose of enabling the production of a work record and another medical specialist to determine if the disability had ceased. This time, the referee determined that Claimant suffered a 40% disability and reinstated and suspended compensation for the appropriate compensable weeks.

Appeal was again taken to the Board. The Board held that the finding by the referee of a 40% partial disability was based on competent evidence and concluded that the termination petition should not be granted, but further held that, in fact, total disability should have been awarded in light of our recent pronouncement in *United States Steel Corporation v. Workmen's Compensation Appeal Board and Muniz*, 10 Pa. Commonwealth Ct. 67, 308 A. 2d 200 (1973), because Appellant had failed to show the availability of work for Claimant. This appeal followed.

Appellant's sole contention on appeal is that the Board erred in deleting the referee's sixth finding of fact and all the conclusions of law, and substituting its own seventh and eight findings of fact and conclusions of law without taking additional evidence in apparent disregard of *Universal Cyclóps Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). We must disagree.

Since *Universal Cyclops* we have repeatedly said that the referee is the sole judge of credibility and absent receipt of additional evidence by the Board, it may not

alter the referee's findings of fact. The Board's review encompasses questions of competency, as opposed to credibility, of evidence, and determinations of law.

In the instant case, the Board correctly reversed the referee's determination as to the applicable law. Citing our Supreme Court in *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968), Judge KRAMER wrote in *United States Steel, supra,* at 71, 308 A. 2d at 202, "we hold that once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining." The Board can properly reverse as to the improper conclusions of law, and we find no error in this case in its having done so.

We also must reject Appellant's contention that the Board erred in substituting three of its own findings of fact without taking additional testimoney. Essentially the findings substituted by the Board were dealing with available work for claimant.[1] The referee had erred as a matter of law in failing to consider the availability of work issue, and therefore made no findings of fact as to the issue. Technically, Appellant's reading of *Cyclops* is correct, however, what occurred in the Board's review was really a finding that the referee erred as a matter of law. The additions and deletions to the findings of fact are

---

1. The substituted findings of fact state:

"SIXTH: Deleted and substituted therefor: Claimant signed for unemployment compensation on August 19, 1972.

"SEVENTH: On November 10, 1972, claimant refused a job as an electrician because it was in a chemical plant and he thought it would affect his lungs, but there is nothing in the record to indicate any impairment in claimant's lungs.

"EIGHTH: The employer showed no availability of work."

The deleted referee's finding of fact reads:

"SIXTH: That the claimant started to collect unemployment compensation on September 18, 1972."

reflective of that, and as such, in no way abrogate the referee's original determinations on credibility.

Consistent with the foregoing, we affirm and

### ORDER

AND NOW, this 28th day of April, 1975, upon full consideration of the record, the compensation agreement should be continued to provide total disability to Claimant for the periods of unemployment since his accident, and amended to provide for partial disability at the maximim rate per week during those periods in 1970, 1971 and 1972 when Claimant was employed. Therefore it is hereby ordered that H. P. Foley Company and/or its carrier, Liberty Mutual Insurance Company, pay to Walter Clymire compensation in the following amounts for the following periods:

a. compensation is to be reinstated at the rate of $60.00 per week from January 10, 1970 up to and including February 22, 1970;

b. compensation is to be reinstated at the rate of $45.00 per week from February 23, 1970 up to and including April 9, 1970;

c. compensation is to be reinstated at the rate of $60.00 per week from April 10, 1970 up to and including May 12, 1970;

d. compensation is to be reinstated at the rate of $45.00 per week from May 13, 1970 up to and including May 20, 1970;

e. compensation is to be reinstated at the rate of $60.00 per week from May 21, 1970 up to and including July 13, 1970;

f. compensation is to be reinstated at the rate of $45.00 per week from July 14, 1970 up to and including August 5, 1970;

g. compensation is to be reinstated at the rate of $60.00 per week from August 6, 1970 up to and including August 9, 1970;

h. compensation is to be reinstated at the rate of $45.00 per week from August 10, 1970 up to and including October 9, 1970;

i. compensation is to be reinstated at the rate of $60.00 per week from October 10, 1970 up to and including April 21, 1971.

j. compensation is to be reinstated at the rate of $45.00 per week from April 22, 1971 up to April 23, 1971;

k. compensation is to be reinstated at the rate of $60.00 per week from April 24, 1971 up to and including May 24, 1971;

l. compensation is to be reinstated at the rate of $45.00 per week from May 25, 1971 up to and including August 19, 1971;

m. compensation is to be reinstated at the rate of $60.00 per week from August 20, 1971 up to and including February 21, 1972;

n. compensation is to be reinstated at the rate of $45.00 per week from February 22, 1972 up to and including August 18, 1972.

o. compensation is to be reinstated at the rate of $60.00 per week from August 19, 1972 up to and including September 17, 1972.

p. compensation is to be reinstated at the rate of $60.00 per week from September 18, 1972 up to and including November 10, 1972.

q. Beginning November 10, 1972, and thereafter, the agreement is amended to provide for weekly partial disability of $45.00 per week, and to continue within the limitations of the act.

Interest is awarded on deferred installments of compensation from the due date thereof to the date of payment, all within the terms and limits of the Workmen's Compensation Act.