Armco Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Kolar, Respondents.

Argued April 10, 1981, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*John J. Petrush, Petrush & Miller, Ltd.,* for petitioner.

*William R. Caroselli, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Joseph Kolar.

OPINION BY JUDGE BLATT, June 25, 1981:

The petitioner, Armco Steel Corporation, appeals the decision of the Workmen's Compensation Appeal Board (Board) which granted benefits to the claimant, Joseph Kolar, for total disability resulting from an occupational disease under Section 108(n) of the Pennsylvania Workmen's Compensation Act.[1]

The claimant was employed by the petitioner from April of 1934 until February 8, 1976, in a hot mill, which produced seamless steel pipe and where, as the referee found, he was exposed to the hazards of dusts from coal, graphite, chrome, manganese and nickel used in the production of the pipe. The claimant had developed a breathing problem in 1974 causing him to terminate his employment in February of 1976, and he subsequently filed a claim petition on January 12, 1977, alleging that he had become totally disabled on October 12, 1976, as a result of exposure to harmful gases and dust in the course of his employment. A number of hearings were held at which testimony was taken and medical depositions were introduced and the referee rendered his decision on December 30, 1977, denying benefits. That determination was upheld by the Board, but no appeal was filed with this Court. The claimant filed a second claim in January of 1979, alleging a different date of injury, January 26, 1979, and claiming that his occupational exposure to deleterious gases and dust had aggravated a pre-existing condition resulting in his total disability. A hearing was held at which another medical deposition was presented and the referee this time granted benefits. The Board upheld that decision and this petition for review followed.

The petitioner contends that the second claim petition should have been barred by res judicata, because,

---

[1] Act of June 2, 1915, P.L. 736, added by Act of October 17, 1972, P.L. 930, as amended, 77 P.S. §27.1.

in the first decision, the referee found that the claimant was totally disabled but that such disability was not a result of his exposure to occupational hazards and it is argued that such a finding is conclusive on the issue of causation in subsequent proceedings. Alternatively, it is argued that there was not sufficient competent evidence to support the referee's findings[2] because the opinion of the medical witness upon which he relied was not based upon facts in the record and was incredible because that witness was biased.[3]

The principle of res judicata has been applied in workmen's compensation cases and it generally requires that four conditions must be met in order to decide that a proceeding is controlled by an earlier adjudication: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977). Under the facts of this case, we do not believe that the second of these four elements has been met here.

An identity of causes of action exists when in both the prior and the subsequent proceedings the subject

---

[2] The claimant had the burden of proving all the elements necessary to support an award, *Kistler v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980), and where he prevailed below, it is this Court's duty to determine whether or not there has been a violation of law or constitutional rights and whether or not the referee's findings of fact are supported by substantial evidence. *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980).

[3] It is asserted that the witness' bias was established by the numerous instances in which he has testified in workmen's compensation cases, predominantly in favor of the claimants, and by his combative demeanor on cross-examination.

matter and the ultimate issues are the same. *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973). Res judicata applies not only to matters which were actually litigated, but also to those matters which should have been litigated in the first adjudication and the courts must apply the doctrine to the circumstances of each case with proper regard for the public policy underlying res judicata and the rights of the parties to have a decision on every legitimate issue. *McCarthy v. Township of McCandless, supra.*

In the situation here concerned, the referee found initially that the claimant was totally disabled on October 12, 1976, due to severe asthmatic bronchitis or mixed dust pneumoconiosis, but that he had not met his burden of proving that the disabling diseases directly resulted from his occupational exposure to various dusts rather than from the combined pollutants which he encountered in his 44 years of smoking one pack of cigarettes per day.

In the claim petition before us now, the claimant alleges that his disability occurred as of January 28, 1979, and we have previously held that, due to the progressive nature of the debilitating effects of an occupational disease, a claimant who has not prevailed in a previous petition seeking total disability is not barred by res judicata from refiling his claim in an attempt to prove disability on a later date. *Robachinski v. Workmen's Compensation Appeal Board, supra.* Moreover, the claimant argued here not that the diseases by which he was disabled *resulted* from his occupational exposure, but that those pre-existing diseases were so *aggravated* by such hazardous exposure as to cause total disability. *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977).

We believe that there are two separate and distinct issues involved here: (1) whether or not the disabling disease was directly caused by an occupational hazard and (2) whether or not total disability resulted when exposure to deleterious materials aggravated a pre-existing disease condition. And, inasmuch as the claimant was not able to raise this second issue in the prior proceeding,[4] we believe, in light of such a circumstance and our decision in *Robachinski v. Workmen's Compensation Appeal Board, supra,* that res judicata may not be applied here.

Finally, we must also reject the petitioner's substantive attack upon the referee's findings. There is substantial evidence in the record in the form of the claimant's testimony to support the finding that he was exposed to a variety of dusts, including coal, chrome, manganese and nickel, in the course of his employment. *Plasteel Products Corp. v. Workmen's Compensation Appeal Board, supra.* In answer to hypothetical questions, the claimant's medical witness concluded that exposure to the dusts of coal, chrome and nickel resulted in an aggravation of pulmonary diseases in those performing the claimant's occupation to a substantially greater degree than in the general population. The doctor unequivocally testified that the claimant was totally disabled as a result of occupational exposure to dusts which aggravated his pre-existing condition.

Our review of the record indicates that substantial evidence did exist to support the referee's findings

---

[4] The decision in *Plasteel Products Corp. v. Workmen's Compensation Appeal Board, supra,* was the first recognition by this Court that a claimant could receive total disability benefits for aggravation of a pre-existing condition. That decision was not rendered until November 17, 1977, which was after the closing of the record before the referee in the first adjudication and the claimant, therefore, never had the opportunity to assert that newly acknowledged legal theory in the prior proceedings.

and, inasmuch as any attack on the bias of the claimant's expert witness is a matter of credibility which is to be determined solely by the referee, *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 610, 399 A.2d 1178 (1979), we will affirm the grant of benefits.

### ORDER

AND NOW, this 25th day of June, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed;

AND IT IS FURTHER ORDERED that judgment be entered in favor of the claimant, Joseph Kolar, and against Armco Steel Corporation, self-insured, in the amount of $187 per week beginning on February 23, 1979 continuing into the future within the meaning and provisions of the Workmen's Compensation Act.

Interest is payable on all deferred payments of compensation at the rate of ten percent (10%) per annum.

Armco Steel Corporation is further directed to reimburse claimant's counsel for reasonable costs incurred in the total amount of $309.10 as itemized below.

Dr. J. D. Silverman
Report and Testimony ............. $200.00
Adelman Reporters
Dr. Silverman's deposition .......... $109.10

Attorney fees in the amount of $4,862.00 as agreed upon between the claimant and his counsel, are approved and Armco Steel Corporation is directed to deduct $37.40 from each week of compensation that becomes due and payable to the claimant during the 130 week period beginning on February 23, 1979 continuing through August 21, 1981, inclusive, and forward it together with the aforementioned costs to:

WILLIAM R. CAROSELLI, Esquire
1100 Law and Finance Building
Pittsburgh, Pennsylvania 15219
All remaining payments of interest and compensation shall be paid directly to the claimant, Joseph Kolar.