Joseph A. Kosek, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Mathies Coal Company, Respondents.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Ronald J. Zera,* with him *Lawrence R. Chaban* and *Kenneth J. Yablonski,* for petitioner.

*Thomas C. Reed,* with him *R. Henry Moore, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty,* and *Daniel L. Fassio,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., December 30, 1981:

This is an appeal by claimant Joseph A. Kosek from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying him occupational disease benefits under The Pennsylvania Workmen's Compensation Act (Act).[1]

The claimant was employed in the coal mining industry for a period of forty-two (42) years. For the last twenty (20) years of this period, he was employed by Mathies Coal Company, his last day of work being August 31, 1973. On November 6, 1973 he filed a claim petition wherein he alleged that he had become totally

---

[1] The Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1 *et seq.*

and permanently disabled as a result of coal miner's pneumoconiosis on August 31, 1973. A referee subsequently disallowed the claim, finding that there was no evidence of pneumoconiotic disease process in claimant, that claimant was not totally and permanently disabled from silicosis, anthracosilicosis or pneumoconiosis, and that claimant was not partially disabled as a result of these occupational diseases. Claimant appealed to the Board, which upheld the referee's determination and dismissed the appeal. No further appeal was taken from the Board's action on this claim.

In December of 1976, claimant filed a second claim petition, again alleging that he had become totally and permanently disabled as a result of exposure to coal dust. In this petition, however, claimant alleged November 6, 1976 as the date of disability. On February 1, 1977 a hearing was held before the same referee who had denied the prior claim petition. At that time, claimant offered new medical testimony in support of his second petition. On March 7, 1977 the referee dismissed the second claim petition, finding that the same was barred by the doctrine of res judicata. The Board affirmed, concluding that the referee's finding in the prior proceeding that claimant was not disabled was binding upon it.

Under the doctrine of res judicata, an adjudication will control the disposition of a subsequent proceeding only if there is a concurrence of four conditions: (1) identity of the thing sued on or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties sued or being sued. *Robachinski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977). We believe that, under the facts of the instant case, the second of these four conditions has not been met.

500

An identity of cause of action is present for purposes of res judicata when, in both the prior and subsequent proceedings, the subject matter and the ultimate issues are the same. *McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973). The subject matter of a claim petition alleging disability because of pneumoconiosis is the state of a claimant's health at a given time, with the ultimate issue being whether or not the claimant is disabled within the meaning of the Act at the time alleged in the petition. *Robachinski v. Workmen's Compensation Appeal Board, supra.*

Instantly, the claimant's initial petition alleged disability because of pneumoconiosis on August 31, 1973. His second petition, however, alleged disability because of pneumoconiosis on November 6, 1976, a date more than three (3) years later. The subject matter and the ultimate issues of the claim petitions differ, therefore, in the time periods in which disability is alleged. In *Robachinski*, we held that, due to the progressive nature of the debilitating effects of occupational diseases, this difference renders the doctrine of res judicata inapplicable. Thus, even in the absence of additional employment exposure, a claimant who has failed to prove disability in a previous proceeding is not barred by res judicata from refiling his claim in an attempt to prove disability on a later date. *Robachinski v. Workmen's Compensation Appeal Board, supra.* See also, *Armco Steel Corp. v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 195, 431 A.2d 363 (1981).

In dismissing claimant's second petition, the Board cited the following language from *Robachinski:*

The fact that claimant did not have additional employment exposure in the period between his first and second claim petitions does not make the referee's subsequent finding of

disability unreasonable, for the progressive nature of occupational diseases has long been recognized by the Courts of the Commonwealth. ... *In the absence of a referee's prior finding that claimant did not have the disease at all, the lack of additional employment exposure does not make the referee's subsequent findings of disability unreasonable.* (Emphasis added.)

33 Pa. Commonwealth Ct. at 93-94, 380 A.2d at 954. Relying upon this statement, the Board, in its opinion, reasoned as follows:

In the matter before us, the Referee made a specific finding that the Claimant had no employment connected lung disease. ...

If the Claimant did not have the occupational disease, then it could not progress. Thus, the Referee was correct in baring [sic] the second claim petition on the basis of *res judicata.* ...

The flaw in this reasoning is that the referee did not find that claimant had no disease at all. Contrariwise, the referee found that there was no evidence of pneumoconiotic disease process in claimant and that claimant was not disabled by an occupational disease.

In light of the facts of this case and our decision in *Robachinski,* we find that claimant's second claim petition is not barred by the doctrine of res judicata. Accordingly, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and remanded for a determination of whether claimant was disabled as the result of an occupational disease on November 6, 1976.

ORDER

AND Now, the 30th day of December, 1981, the Order of the Workmen's Compensation Appeal Board at No. A-72914, dated November 13, 1980, is hereby reversed and the case is remanded to the referee to

502

conduct a hearing on the merits of claimant's second petition.

