Gateway Coal Company, Petitioner *v.* Workmen's Compensation Appeal Board (Tony J. Molitoris), Respondents.

Submitted on briefs May 12, 1983, to Judges BLATT, MACPHAIL and BARBIERI, sitting as a panel of three.

*Raymond F. Keisling, Will and Keisling,* for petitioner.

*C. Jerome Moschetta,* for respondent, Tony J. Molitoris.

OPINION BY JUDGE BARBIERI, November 10, 1983:

Gateway Coal Company, Petitioner, comes before this Court requesting review of the action of the Workmen's Compensation Appeal Board in sustain-

ing an award by a compensation referee to Claimant, Tony J. Molitoris, for total disability resulting from coal workers' pneumoconiosis. Petitioner presents for our consideration two contentions: (1) proceedings on the present petition are barred on the grounds of res judicata because of a prior unappealed decision of a referee disallowing compensation for the same disease and (2) Respondents' medical witness was incompetent to give x-ray testimony as to pneumoconiosis, so that the referee and the Board erred in sustaining the award on such medical evidence, specifically in adopting the testimony of Claimant's medical witness over that of the defendant on the basis of credibility. We disagree with both contentions and will affirm.

Claimant, having been employed by various coal companies in Pennsylvania from 1928 to June 20, 1974, was last employed in the coal mining industry by the self-insured defendant from 1963 to June 20, 1974. He has had no exposure to any occupational hazard after June 20, 1974. His first claim petition, claiming total disability as of August 30, 1974, resulted in a referee's disallowance order dated May 20, 1975, affirmed by the Workmen's Compensation Appeal Board without further appeal. The present petition, filed December 13, 1976, claims compensation for total disability as of October 14, 1976. At the outset, the referee disallowed compensation, holding that the prior decision was a res judicata bar to the second one, but the Board reversed and remanded, whereupon the record before us was made, consisting principally of evidence provided by Dr. A. Carl Walker for Claimant and Dr. W. Keith C. Morgan, for Petitioner.

In making its res judicata contention, Petitioner concedes that normally, due to the progressive nature of occupational diseases such as the coal worker's pneumoconiosis in this case, the doctrine of res judicata does not bar a later claim after a prior disallow-

ance. *Robachinski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977); *Armco Steel Corp. v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 195, 431 A.2d 363 (1981). Petitioner contends, however, relying upon language in *Robachinski,*[1] and in *Kosek v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 497, 439 A.2d 854 (1981)[2] that the referee's fifth finding in the prior decision of August 18, 1976, "amounted to a finding that the Claimant did not have the disease at all, rather than a finding that he was not disabled at a particular time;" that, therefore, the doctrine of res judicata must be applied in this case. We disagree.

Finding of Fact No. 5 in the August 18, 1976 decision reads:

. Based upon competent medical evidence of record in this case, your Referee finds as a fact that claimant's pulmonary function studies are essentially normal and that he is not totally and permanently disabled from the respiratory standpoint or from coal worker's pneumoconiosis. He did not sustain an injury in the course of his employment with defendant and related thereto.

We agree with Board's interpretation of this finding, as follows:

It is clear from reading this that the Referee did *not* make a finding that the Claimant was

---

[1] "In the absence of a referee's prior finding that the claimant *did not have the disease at all,* the lack of additional employment exposure does not make the referee's subsequent finding of disability unreasonable." *Robachinski* at 94, 380 A.2d at 954 (emphasis added).

[2] In *Kosek,* the referee, affirmed by the Board, applied the res judicata doctrine to disallow the later claim on the ground that the prior one had established the absence of any occupational disease that could progress. Relying upon *Robachinski,* however, this Court reversed.

free from an occupational disease. Rather the Referee finds the Claimant is neither *partially* or *totally disabled* from coal worker's pneumoconiosis and as such has not suffered a compensable injury. The Referee finding pulmonary function studies are normal is not tantamount to a finding there is no disease process. We thus reaffirm the prior Board's Decision that this present Claim Petition is not barred by the doctrine of res judicata. (Emphasis in original.)

We address now Petitioner's second contention that Claimant's medical witness, Dr. A. Carl Walker, was incompetent and that, therefore, the findings based upon his testimony are "unsupported by substantial evidence." Petitioner concludes its argument on this point as follows: "Since the Board committed an error of law in holding that the witness' untruthfulness presented a mere question of credibility, and since without his testimony, the decision below stands unsupported by substantial evidence, the Board's order should be reversed."

Our study of the record brings us to the conclusion reached by the Board that the "matters the Defendant complains of go to the doctor's [Dr. Walker's] credibility and not his competency." Supporting this conclusion is the simple fact that the attack upon Dr. Walker's qualifications to read certain items in x-ray films comes from the medical witness, Dr. W. Keith C. Morgan, whose testimony was rejected in favor of that of Dr. Walker on credibility grounds.[3] In any event,

---

[3] The referee's eighth finding reads:

Based upon substantial, competent and credible medical evidence of record in this case in behalf of claimant from Dr. A. Carl Walker and Titusville Hospital, your Referee finds that claimant has coal workers' pneumoconiosis, that there has been a deterioration in his respiratory condition

Dr. Walker has been Board certified in radiology since 1942, has been Chief of Radiology in two hospitals, one of these for seventeen years, and he testified that he had extensive experience with examining and treating coal miners. He estimated that he had examined 4,200 coal miners since 1942.

Accordingly, finding no merit in either of Petitioner's contentions, we will affirm,

(ORDER

Now, November 10, 1983, the order of the Workmen's Compensation Appeal Board dated December 21, 1981, at No. A-80776, is affirmed.

———

since the Referee's earlier disallowance decision, dated May 20, 1975; that clinical findings, ventilatory studies, and diffusion capacity results are no longer normal; that claimant manifests definite pulmonary impairment and dysfunction; and that he became totally disabled due to anthracosilicosis on October 14, 1976.