Jones & Laughlin Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (De-Marco), Respondents.

Submitted on briefs March 15, 1985, to Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

*James R. Schmitt, Will & Keisling,* for petitioner.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for respondents.

OPINION BY JUDGE CRAIG, April 26, 1985:

Jones & Laughlin Steel Corporation appeals a decision of the Pennsylvania Workmen's Compensation Appeal Board, which affirmed a referee's award of total disability benefits to Leonard DeMarco. We must determine (1) whether the employer waived its right to assert res judicata as a bar to DeMarco's claim petition and (2) whether res judicata does, in fact, prohibit consideration of DeMarco's petition.

The facts, which are not in dispute, indicate that from 1941 through 1976, Jones & Laughlin employed DeMarco in its seamless tube department; during his employment, DeMarco was exposed to noxious dust and smoke, including coal dust. On March 27, 1976, DeMarco terminated his employment on the advice of his physician, who had diagnosed DeMarco as having respiratory diseases.

DeMarco filed a claim petition on September 3, 1976, alleging that as a result of his work-related exposure to deleterious substances, he had become totally and permanently disabled with respiratory diseases. After several hearings, Referee Laughlin denied the petition, finding "that the claimant has failed to prove that he is disabled on either a partial or total basis due to an occupational disease. . . ." The board affirmed that decision and DeMarco did not appeal further.

On May 17, 1978, DeMarco filed a second claim petition alleging the same date of disability—August 21, 1976—but advancing the new causative theory that his disability was due to work-related aggravation of preexisting respiratory problems. Referee Laughlin again held hearings, determined that DeMarco was totally disabled as of August 21, 1976 due to aggravation of respiratory disease, and awarded total disability benefits. The board rejected Jones & Laughlin's res judicata argument and affirmed.

## Waiver

DeMarco contends that the employer waived its res judicata argument by failing to present it to the referee, raising it for the first time in its appeal to the board.

Although the record is not clear that the employer failed to present the res judicata claim to the referee,[1] the question of the operation of res judicata is one of law. Therefore, the employer's presentation of the issue to the board is sufficient to preserve it for our review because that procedure does not intrude upon the referee's role as the indispensable finder of fact. Section 418 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §833; *Universal Cyclops Steel Company v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

## Res Judicata

The law is well settled that the final judgment in one proceeding controls the disposition of a later proceeding through the operation of res judicata when four conditions exist concurrently: ''(1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.'' *Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 89, 92, 380 A.2d 952, 953 (1977).

In a line of cases beginning with *Robachinski,* this court has held, recognizing the progressive nature of occupational diseases, that res judicata did not bar a

---

[1] In his adjudication of the second claim petition, Referee Laughlin, who heard both of DeMarco's petitions, made a specific finding of fact which recited the history and disposition of the first petition.

claimant's second claim petition which alleged a date of disability later than that of the first claim petition.

In *Robachinski,* we stated that the requisite identity of the cause of action existed when both the subject matter and the ultimate issues were the same in the two proceedings. The court further explained that the "state of the claimant's health at a given time is the subject matter of a claim petition alleging disability . . . with the ultimate issue being whether or not the claimant is disabled within the meaning of the act at the time alleged in the petition." *Robachinski,* 33 Pa. Commonwealth Ct. at 92, 380 A.2d at 953. Because the dates of alleged disability differed in Robachinski's two claim petitions, the court concluded that the subject matter and ultimate issues of the two claim petitions differed, rendering res judicata inapplicable. *Robachinski,* 33 Pa. Commonwealth Ct. at 93, 380 A.2d at 953.

This court applied the same reasoning to reach the same result in *Gateway Coal Company v. Workmen's Compensation Appeal Board,* 78 Pa. Commonwealth Ct. 270, 467 A.2d 427 (1983), *Kosek v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 497, 439 A.2d 854 (1981) and *Armco Steel Corporation v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 195, 431 A.2d 363 (1981).

The cases have also firmly established that in workers' compensation cases, the applicability of the doctrine of res judicata is "limited to the finding of the state of disability at a given time." *Caggiano v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 524, 527, 400 A.2d 1382, 1384 (1979). There the court held that an initial determination of disability did not, through the operation of res judicata, bar further medical examination of the claimant at the employer's request because the referee's award

reflected the claimant's state of disability at that time, and the disability could have changed at a later time. Following that analysis, the court concluded in *Miller v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 116, 452 A.2d 608 (1982), the case most analogous to the current situation, that res judicata did bar relitigation of the question of whether Miller had the same work-related disability on the same date. In disallowing Miller's second claim petition, the court noted that in the earlier cases ruling res judicata inapplicable, the determinative fact had been "that the later claim petition alleged the onset of disability at a later point than had been first alleged." *Miller,* 70 Pa. Commonwealth Ct. at 121, 452 A.2d at 610.

In the present case, DeMarco's second claim petition alleges the same date of disability as did his first petition. It differs only in the allegation of a new etiology for his disability. In his initial claim petition DeMarco had alleged that the exposure to hazardous dust at work had caused his respiratory diseases which constituted a compensable disability; in his second petition, he alleges that his work-related exposure aggravated his preexisting respiratory problems, resulting in a compensable disability.

The pivotal question is whether there is the requisite identity of the causes of action, that is, whether the subject matter and the ultimate issues of both claim petitions are the same.[2] *Robachinski,* 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977).

The subject matter of DeMarco's two claim petitions is clearly identical; both proceedings required the referee to determine the state of DeMarco's health on August 21, 1976. Furthermore, the ultimate issue,

---

[2] DeMarco has not argued, nor could he, that any of the other elements of res judicata are not present.

whether DeMarco was disabled within the meaning of the act, remains the same in both petitions.

DeMarco's allegation of a different causative theory for his disability does not alter the essential nature of the inquiry. Each of the cases finding res judicata inapplicable relied on the progressive nature of occupational diseases; here, as in *Miller,* the failure to allege a different, later disability date destroys that foundation for allowing relitigation. Because the referee had already determined that DeMarco was not disabled under the act as of the alleged disability date, we conclude that res judicata bars the referee's reconsideration of that identical issue.

Accordingly, we reverse.

### Order

Now, April 26, 1985, the order of the Pennsylvania Workmen's Compensation Appeal Board, A-77667, dated July 1, 1982, is reversed.

Judge Colins dissents.