Bethlehem Mines Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Prazinko), Respondents.

Submitted on briefs October 10, 1985, to Judges MacPhail and Doyle, and Senior Judge Barbieri, sitting as a panel of three.

478

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*Timothy P. Creany, Pawlowski, Long, Creany & Tulowitzki,* for respondent, Calvin Prazinko.

OPINION BY JUDGE MACPHAIL, January 30, 1986:

Bethlehem Mines Corporation (Employer) appeals a decision of the Workmen's Compensation Appeal Board (Board) denying its petition to terminate workmen's compensation benefits payable to Calvin Prazinko (Claimant). We vacate and remand.

Claimant was awarded benefits pursuant to Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act)[1] on April 13, 1977. The referee found that Claimant was permanently and totally disabled by reason of coal worker's pneumoconiosis.[2] The referee's order was never appealed.

On December 28, 1981, Employer filed a termination petition. The petition alleges that Claimant is no longer totally nor partially disabled referencing an evaluation and examination by Dr. Raymond J. Lantos as of October 5, 1981.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431.

[2] Coal worker's pneumoconiosis is a compensable occupational disease under Section 108(q) of the Act, 77 P.S. §27.1(q).

At a hearing before the same referee who was involved in the 1977 proceedings, Employer offered testimony that Claimant was observed on numerous occasions working as a trash collector and medical evidence that Claimant was not disabled from pneumoconiosis. The referee denied the petition because, in his view, it was barred by res judicata in that the extent and degree of Claimant's disability had been determined in his prior decision, in which he found that Claimant was totally and permanently disabled as a result of coal workers' pneumoconiosis.

Employer appealed the referee's decision to the Workmen's Compensation Appeal Board. The Board agreed with Employer that the matter was not barred by res judicata. The Board cited *Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982), for the proposition that the Board may affirm the decision of the referee if he makes the right decision for the wrong reason. The Board then affirmed the referee for two reasons: (1) because a termination petition is inappropriate in the case of a "progressive disease"; and (2) because the Employer did not meet its burden of proof in that it did not show a change in Claimant's condition.

To prevail in a petition for termination of compensation, the employer must meet its burden of proving conclusively that the claimant's disability has terminated. *Certainteed Corporation v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 646, 426 A.2d 1282 (1981). Where the party with the burden of proof has not prevailed before the Board, review by this Court is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether there has been a capricious disregard of competent evidence. *Kondzielski v. Workmen's Compensation Appeal Board*

*(Northwestern Rural Electric Co-Op.)*, 76 Pa. Commonwealth Ct. 234, 463 A.2d 1221 (1983).

We find that we are compelled to remand this case for more findings of fact by the referee.

At the outset, we must state that we agree with the Board that consideration of Employer's termination petition of December 28, 1981 is not barred by res judicata.

The nature of workmen's compensation continuing liability is such that change must be anticipated and is contemplated by the Act. *Strait v. Gulf Oil Corp.*, 140 Pa. Superior Ct. 464, 14 A.2d 168 (1940). Section 413 of the Act specifically permits modification of workmen's compensation awards:

> A referee designated by the department may, at any time, modify . . . an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has . . . decreased. . . . Such modification . . . shall be made as of the date upon which it is shown that the disability of the injured employe has . . . decreased[.][3]

Further, the subject matter of a claim petition alleging disability because of pneumoconiosis is the state of a claimant's health at a given time, with the ultimate issue being whether a claimant is disabled *at the time alleged in the petition. Kosek v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 497, 439 A.2d 854 (1981).

Under the doctrine of res judicata, an adjudication will control the disposition of a subsequent proceeding only if there is a concurrence of four conditions: (1) identity of the thing sued on or for; (2) identity of the cause of action; (3) identity of the persons and

---

[3] Section 413 of the Act, *as amended*, 77 P.S. §772.

parties to the action; and (4) identity of the quality or capacity of the parties sued or being sued. *Id.* In the case at bar, the first requirement is not met. The "thing sued on" in Claimant's original petition was the state of his health on February 1, 1977. Employer, by its termination petition, is now bringing into issue the state of Claimant's physical capabilities and condition as of October 5, 1981. The Employer is not directly attacking the original awarding of benefits. It is true that the original award found Claimant to be "permanently" disabled; however, the state of medical arts is not such that an award or the denial thereof can preclude all change in a claimant's physical state for all time. The Employer's termination petition is not barred by res judicata.[4]

----

[4] This conclusion is in accord with the most recent opinions of this Court dealing with res judicata in workmen's compensation cases. In *Caggiano v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 524, 400 A.2d 1382 (1979), the appellant argued that where a prior unappealed adjudication has been made as to a permanent and disabling occupational disease (beryllium poisoning), the theory of res judicata is applicable and that a subsequent petition for termination and request for medical examination by the employer must be dismissed. This Court held that the employer was not precluded from all further medical examination of the appellant.

In *Kosek v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 497, 439 A.2d 854 (1981), this Court held that even absent any additional employment exposure, a claimant who has failed to prove disability in a prior occupational disease proceeding is not barred by res judicata from refiling his claim in an attempt to prove disability on a later date.

Finally, *Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977), held that where the claimant's initial petition alleged that the claimant had become totally and permanently disabled because of anthracosilicosis on October 13, 1973, and the second petition alleged total disability because of anthracosilicosis some 22 months later, the difference in time periods in which the disability was alleged rendered the doctrine of res judicata inapplicable.

While we agree with the Board that the referee was incorrect in finding that Employer's termination petition was barred by res judicata, we cannot affirm the Board's affirmance of the referee.

The Board's first reason for affirming the referee's result is that, in its view, a termination petition is inappropriate in the case of a progressive disease. The Board cited no authority for this proposition, and we have been able to find none, either in the Act or in case law. We must disagree with the Board. As noted above, we do not feel that the medical arts have reached such a level where it can be said unequivocally that pneumoconiosis is always progressive; indeed, the medical testimony presented in this case would seem to indicate that all forms of that disease are not progressive. The state of health of each individual workmen's compensation claimant is a unique case. We are not inclined to adopt a hard-and-fast rule that termination petitions are "inappropriate" for any particular class of disability.

The Board's second reason for affirming the referee is that the Employer did not meet its burden of proof because it did not show a change in Claimant's condition. The Board is correct that *Haney* holds that the Board may affirm the referee if he makes the right decision for the wrong reason. We do not believe, however, that the Board may affirm where the referee has not reached the merits of the case and has made no findings whatsoever concerning Claimant's disability.

In *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board (Krawczynski)*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), this Court first stated the now familiar principle that the 1972 Amendments to the Act gave much greater authority to the referees and took the ultimate fact-finding role from the Board unless it chooses to hear new

evidence. Since the *Cyclops* case, this Court has stated that the Board may not make findings of fact without taking additional evidence. *Beth-Allen Ladder Company v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 323, 417 A.2d 854 (1980).[5] In the case at bar, the Board found that Employer did not meet its burden of proof in that it did not show a

------

[5] We are aware of the line of cases, the most recent being *W&L Sales Company v. Workmen's Compensation Appeal Board (Drake)*, 92 Pa. Commonwealth Ct. 397, 499 A.2d 710 (1985), which seem to indicate that where the Board has found that the referee has made an error as to a matter of law it may then make additional findings of fact, without taking additional evidence, to correct the referee's error. *See also Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Furnari)*, 82 Pa. Commonwealth Ct. 562, 475 A.2d 974 (1984) ; *Atlas Hospital Equipment Company v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 358, 414 A.2d 436 (1980) ; *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Company*, 19 Pa. Commonwealth Ct. 502, 339 A.2d 183 (1975) ; *Workmen's Compensation Appeal Board v. H. P. Foley Company*, 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975). This proposition must be confined to the factual setting of these cases. In *W & L Sales Company, Atlas Hospital Equipment Company* and *American Mutual Liability Insurance Company*, we concluded that the Board was justified in assuming certain facts not explicitly found by the referee by the obvious implications of unrebutted testimony on record. In *Bethlehem Steel Corporation* the Board did not substitute its own findings for those of the referee; it merely made a finding of fact which was implicit in a finding of fact made by the referee. Finally, in *H. P. Foley Company*, the referee had failed to make findings concerning the availability of employment. This was an error of law. The Board chose to correct the error by making findings concerning what work was available. We held that the Board's findings of fact were reflective of the error of law the referee had committed and in no way abrogated the referee's original determinations on the credibility of the evidence.

In the case *sub judice*, the referee made no findings whatsoever on the merits of the case. We do not believe the Board may circumvent the *Cyclops* rule by stating that the referee was incorrect as a matter of law for finding the issue involved to be res judicata and then proceeding to make *all* the relevant findings of fact.

change in Claimant's condition. The Board does not have the authority to make such a finding of fact.

In *Workmen's Compensation Appeal Board v. P.M.A.I.C.*, 23 Pa. Commonwealth Ct. 203, 351 A.2d 295 (1976), this Court held that although the referee had committed an error of law in failing to make essential findings on the issue of work availability from the conflicting evidence presented him, this did not authorize the Board, without taking additional evidence, to review the record made before the referee and resolve the conflict by making its own findings of fact. The only option open to the Board was to remand to the referee to make the necessary findings.

In *Pittsburgh Press Company v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984), this Court agreed with the Board's statement that where the referee had made no finding that all disability had not in fact terminated on the date a final receipt was signed by the claimant, it was inappropriate for either the Board or this Court to affirm an award of total disability because that would entail the making of a finding of fact which neither the Board nor this Court is permitted to do.

In the case *sub judice*, we have a similar situation. It is true that the only medical testimony presented before the referee was that of the Employer's expert. However, our review of that testimony reveals that a variety of inferences and conclusions could be drawn from it. Further, of course, the referee need not accept even uncontradicted evidence. *Beth-Allen Ladder Company.*

It is not the function of the Board nor of this Court to make the necessary findings of fact concerning Claimant's disability as of the date of the petition for termination because that function properly is reserved to the referee. See *Page's Department Store v.*

*Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). We must do as the Court did in *P.M.A.I.C.* and remand so that the referee may make specific findings of fact on the state of Claimant's disability as of December 23, 1981.

ORDER

The order of the Workmen's Compensation Appeal Board, dated August 18, 1983, at No. A-85859, is hereby set aside and the case is remanded to the Workmen's Compensation Appeal Board with directions to remand to the referee to make findings of fact on the state of Calvin Prazinko's work-related disability.

Jurisdiction relinquished.