**C.D.G., INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (McALLISTER), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1997.

Decided Nov. 17, 1997.

Nancy J. Pease, Philadelphia, for petitioner.

Alan I. Lourie, Philadelphia, for respondent.

Before PELLEGRINI and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

C.D.G., Inc. (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) denying Employer's Utilization Review Petition and ordering Employer to pay the medical bills of Dennis McAllister (Claimant) to Dr. Corey Ruth, M.D.

On July 21, 1990, Claimant fell from a ladder in the course of his employment and suffered injuries to his neck and back. Workers' compensation benefits were paid pursuant to a notice of compensation payable. As a result of this injury, Claimant was receiving physical therapy consisting of moist heat, electrical stimulation, therapeutic exercises and hot packs during two or three treatment sessions a week with Dr. Ruth. On January 19, 1993, Employer filed a petition to review the medical treatment he was receiving from Dr. Ruth alleging that Claimant had reached the maximum benefits from those treatments and any therapy provided after November 3, 1992, was unreasonable and unnecessary. The petition was assigned to WCJ Marc Weinberg for resolution.

At the hearing, Employer presented the testimony of Dr. Henry Sherk, who opined that he was unable to find any objective evidence to corroborate Claimant's subjective complaints of pain and that Claimant had no residual difficulties related to his work injury. He further testified that Claimant had reached maximum medical improvement and that Claimant's ongoing treatment was neither reasonable nor necessary. Claimant testified that after November 1992, the physical therapy provided him with little overall relief from the pain, but Dr. Ruth testified that Claimant was not capable of returning to work due to the pain and treatment was reasonable and necessary.

While the petition to review was pending in front of WCJ Weinberg, the 1993 Amendments to the Workers' Compensation Act (Act) [1] commonly known as "Act 44" [2] went into effect. Act 44 provided a new way for employers to challenge the reasonableness of medical treatment. Act 44 set up the Utilization Review process whereby employers request that a Utilization Review Organization (URO) determine whether the treatment rendered by a health care provider is reasonable and necessary. If such a determination is not acceptable to the provider, insurer, employer or employee, then any party has the right to file a request for reconsideration. If any party disagrees with the determination upon reconsideration, then a petition for review may be filed and the case assigned to a WCJ. Section 306(f.1)(6), 77 P.S. § 531(6). See Florence v. Workers' Compensation Appeal Board (McGinnis), 691 A.2d 984 (Pa. Cmwlth.1997).

While WCJ Weinberg's decision was still pending on the original petition for review, Employer filed a Utilization Review request under Act 44 contending that the physical therapy treatments rendered by Dr. Ruth were unreasonable and unnecessary for the period after August 31, 1993. Both the initial and reconsideration URO determinations found that the treatment rendered was neither reasonable nor necessary. Claimant then filed a petition to review the Utilization Review, which was assigned to WCJ Christina Tarantelli for determination. Prior to any action on this petition, WCJ Weinberg, finding Dr. Ruth neither credible nor persuasive, held that Claimant's treatments were unreasonable and unnecessary as of November 2, 1992. No appeal was taken from this decision.

In its Utilization Review appeal, Employer then asserted that WCJ Weinberg's decision made collateral estoppel applicable, requiring her to find that Dr. Ruth's treatment was unreasonable or unnecessary. WCJ Tarantelli stated that WCJ Weinberg's decision

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Act of July 2, 1993, P.L. 190, as amended, 77 P.S. §§ 1–1041.4; 2501–2626.

was not preclusive because Sections 306(f.1)(5) and (6)(i), 77 P.S. §§ 531(5),(6)(i), of the Act provide that a party is free to seek prospective, concurrent or retrospective review of any treatment occurring after its effective date making WCJ Weinberg's decision only controlling until a party next sought review under the URO process.

As to the manner that she was going to decide the case, WCJ Tarantelli informed the parties that it was her policy to decide Utilization Reviews based solely on medical reports without considering additional deposition testimony. She instructed the parties to submit only one report in support of their respective positions to which neither party objected. Employer submitted a report from Dr. Shirk consistent with the testimony he gave before WCJ Weinberg. Dr. Ruth provided a report that was consistent with his diagnosis that he provided before WCJ Weinberg, but rather than the two or three times a week treatment he found reasonable there, he stated that Claimant would need a physical therapist three or four times a year. After reviewing these reports, WCJ Tarantelli found that the treatment rendered by Dr. Ruth for the periods in question was reasonable and necessary and ordered Employer to pay Claimant's medical bills. Employer appealed to the Board.

Before the Board, Employer argued that Claimant was precluded by the doctrine of collateral estoppel from relitigating the reasonableness and necessity of Dr. Ruth's treatment. It also argued that WCJ Tarantelli's method of hearing the appeal just on medical reports denied Employer of a *de novo* hearing. Holding that collateral estoppel did not apply and that any objection to deciding the case on medical reports had

been waived, the Board affirmed. Employer then filed this appeal.[3]

Employer contends that WCJ Tarantelli and the Board erred by not giving WCJ Weinberg's report preclusive effect because a party is not free to seek review of medical bills unless the party can show that a claimant's medical condition has changed from when the prior decision was issued. It reasons that what was decided before WCJ Weinberg was whether Claimant's condition warranted any treatment and, unless it is shown that his medical condition had changed, WCJ Weinberg's decision is preclusive as to the same treatment no matter when it occurs or the frequency which it is given.

Collateral estoppel or "issue preclusion" is "designed to prevent relitigation of issues which have once been decided and have remained substantially static, factually and legally." *Keystone Water Co. v. Pennsylvania Public Utility Commission*, 81 Pa. Cmwlth. 312, 474 A.2d 368, 373 (1984). It forecloses relitigation in a later action of an issue of fact or law which was actually litigated and which was necessary to the original judgment. For collateral estoppel to apply, it must be shown that (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity[4] with a party in the prior case and had a full and fair opportunity to litigate the issue and; (4) the determination in the prior proceeding was essential to the final judgment. *Griswold v. Workers' Compensation Appeal Board (Thompson Maple Products)*, 658 A.2d 449 (Pa.Cmwlth.1995).

3. Our standard of review of a decision of the Board is limited to a determination of whether constitutional rights have been violated, errors of law committed or whether the decision is supported by substantial evidence of record. *Florence Mining Co. v. Workers' Compensation Appeal Board (McGinnis)*, 691 A.2d 984 (Pa.Cmwlth. 1997).

4. While all the pleadings are in the name of Claimant, Claimant contends that collateral estoppel does not apply because Dr. Ruth is the real party to this action. Even if that were so,

Dr. Ruth would still be bound by WCJ Weinberg's determination because he was in privity with Claimant in the first proceeding. Privity is defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Montella v. Berkheimer Associates,* 690 A.2d 802 (Pa.Cmwlth. 1997). Dr. Ruth was in privity with Claimant because both were interested in whether the treatments were reimbursable by Employer.

Because there is no dispute, except for frequency, that the treatment was the same, the only factual difference in the two proceedings is that treatment was rendered in a different time period. Before WCJ Weinberg the issue was whether Claimant's treatments were reasonable and necessary after November 1992, and the issue in the second proceeding before WCJ Tarantelli was whether Claimant's treatment after August 31, 1993, was reasonable or necessary even though the Claimant's condition was essentially unchanged. Succinctly, the question then is whether the difference in the dates of treatment is a sufficient distinction so as to present different issues and preclude the application of collateral estoppel.

■ While not completely analogous, in other situations where a party has filed a subsequent petition, we have held that there has to be more than the mere passage of time for collateral estoppel not to apply. A party seeking to alter benefits must prove that there has been a change in physical condition since the last legal proceeding addressing the nature and extent of the injury. For example, when a claimant seeks reinstatement of benefits after termination, the claimant is required to establish by precise and credible evidence that the disability has increased or recurred and must show that his physical condition has actually changed in some manner. *Mader v. Workers' Compensation Appeal Board (USAir, Inc.)* 669 A.2d 511 (Pa.Cmwlth.1996); *Strattan Homes v. Workmen's Compensation Appeal Board (Hollis)*, 159 Pa.Cmwlth. 433, 633 A.2d 1250 (1993). The reasoning behind such a standard being that otherwise a "disgruntled employer (or *claimant*) could repeatedly attack what he considers an erroneous decision of a referee by filing [additional] petitions for modification based on the same evidence ad infinitum in the hope that one referee would finally decide in his favor." *Banks v. Workmen's Compensation Appeal Board*, 15 Pa. Cmwlth. 373, 327 A.2d 404, 406 (1974). (Emphasis added).

A recent decision of our Supreme Court, *King v. Workers' Compensation Appeal Board (K–Mart Corp.)*, —— Pa. ——, 700 A.2d 431 (1997), would appear, at first glance, to change the general principle that there has to be a change in physical condition in order to allow a second proceeding. In *King*, the employer unsuccessfully petitioned for termination in 1983, arguing that claimant had fully recovered from her 1980 work-related injury resulting in chronic coccydynia. It had presented a doctor's testimony that no objective explanation could be found for claimant's complaints of pain. The referee, however, did not credit that testimony and the termination petition was denied. In 1990, employer filed a new petition seeking to terminate benefits supporting its request with the testimony of another doctor who also testified that he could find no objective explanation for claimant's complaints of pain. This expert admitted that claimant's condition had remained unchanged since 1983. The WCJ and the Board terminated benefits.

While there was testimony that that chronic coccydnia could not improve, we reversed on the basis that issue preclusion applied because the employer failed to demonstrate any change in claimant's condition after the date on which employer's initial termination petition was dismissed and awarded. Apparently, although it is not altogether clear, our Supreme Court analyzed whether the ruling on the first termination petition controlled the outcome of the second termination proceeding under res judicata[5] rather than col-

5. Res judicata or claim preclusion is when a former judgment bars a later action proceeding on all or part of the very claim which was the subject of the former. As now interpreted under res judicata any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit or action between the parties or their privies on the same cause of action. That judgment is conclusive as between the parties and their privies in respect to every fact which properly could have been considered in reaching the determination, and in respect to all points of law, relating directly to the cause of action and affecting the subject matter before the court. Claim preclusion applies not only to matters which were actually litigated, but also to matters which should have been litigated at the first proceeding if they were part of the same cause of action. While claim preclusion involves the same claim or cause of action in both the prior and subsequent actions, issue preclusion operates to prevent relitigation of an issue in a later action based upon a claim or cause of action different from the claim or cause of action

lateral estoppel, i.e., issue preclusion principles. It held that even though the substance of the first and second termination petitions was the same, once an employer presents adequate evidence that claimant's condition was changeable and did not seek to attack the original claim, employer's burden in a subsequent termination proceeding is merely to show that claimant's condition has "changed," not that claimant's condition has changed since the prior unsuccessful termination petition. Once a condition is deemed reversible, new medical testimony that the condition has resolved or partially resolved itself so that there is no loss of earning power can serve as a basis to terminate benefits.[6] Because *King* was a res judicata case and appears to add a change in condition requirement so that res judicata does not apply, *King* does not change the general rule that there must be a showing of change in condition and the mere passage of time is insufficient to take it outside the application of that doctrine of collateral estoppel.

■ Also, Section 306(6)(i) of the Act, 77 P.S. 531(6)(i), does not change the general rule that there has to be a change in claimant's physical condition from the last proceeding for collateral estoppel not to apply. While it provides "[t]he reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retro-

spective utilization review at the request of an employee, employer or insurer," all it allows is that subsequent proceedings can be brought for new and different treatment and for treatment if the condition worsens from the last utilization review. It does not vitiate the application of the doctrine of collateral estoppel to allow a constant stream of utilization requests where the treatment and claimant's condition remain the same even though time has past.

■ Here, WCJ Weinberg found that treatment rendered by Dr. Ruth after November of 1992, was neither reasonable nor necessary and that Claimant had reached maximum benefit from his therapy. It also does not matter that the treatment to be considered before WCJ Tarantelli was less frequent because WCJ Weinberg determined that Claimant no longer required *any* physical therapy because it no longer helped to alleviate the effects of his injury. If Claimant's physical condition has not changed or his pain has not increased, such treatment would still be unreasonable after August 1993. Because he failed to show that his condition has changed, Claimant is precluded from contending that Dr. Ruth's treatments are reasonable and necessary.[7]

Because the WCJ and the Board erred in allowing Claimant to relitigate whether the same treatment was necessary without show-

---

previously asserted. *See generally, Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines),* 142 Pa.Cmwlth. 176, 597 A.2d 182 (1991), *reversed on other grounds,* 534 Pa. 327, 632 A.2d 1302 (1993).

6. The *King* decision is in accord with the general principle that res judicata or claim preclusion does not preclude the right to bring a second claim petition. As we noted in *Hebden:*

In a line of workmen's compensation cases beginning with *Robachinski v. Workmen's Compensation Appeal Board (Glen Nan, Inc.),* 33 Pa.Commonwealth Ct. 89, 380 A.2d 952 (1977), we consistently have held that claim preclusion does not operate to bar a second claim petition which alleges a date of disability later than that alleged in the first claim petition. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (DeMarco),* 89 Pa. Commonwealth Ct. 41, 43–44, 491 A.2d 941, 943 (1985), rev'd on other grounds, 513 Pa. 526, 522 A.2d 26 (1987). There is no identity of causes of action in such situations because the subject matter and the

ultimate issues of the two claim petitions, being based upon different time periods, are not identical. *Robachinski,* 33 Pa.Cmwlth. at 93, 380 A.2d at 953. See also *Jones & Laughlin Steel Corp.,* 89 Pa.Cmwlth. at 44, 491 A.2d at 943 (collecting cases). The state of the claimant's health at a given time is the subject matter of any claim petition alleging disability, and the ultimate issue is whether or not the claimant is disabled within the meaning of the act at the time alleged in the petition. *Evans [v. Workmen's Compensation Appeal Board],* 121 Pa.Cmwlth. [364] at 370–71, 550 A.2d [868] at 871 [1988] (quoting *Robachinski,* 33 Pa.Cmwlth. at 92–93, 380 A.2d at 953). The issue of a claimant's disability is not static.

7. Because of the way we have resolved this case, we need not address whether Employer had waived his right to a *de novo* hearing by not objecting to the procedure outline by WCJ Tarantelli for resolving whether the treatments were reasonable or necessary.

ing a change in condition, we reverse the order of the Board.

*ORDER*

AND NOW, this 17th day of November, 1997, the order of the Workers' Compensation Appeal Board, dated January 2, 1997, at No. A95–2534, is reversed.