**Rick GAZZOLA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (IKON OFFICE SOLUTIONS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 20, 2006.

Decided Nov. 22, 2006.

Halmon L. Banks, III, Philadelphia, for petitioner.

William S. Steiger, Philadelphia, for respondent.

Douglas A. Williams, Pittsburgh, for amicus curiae, Pennsylvania Trial Lawyers Association.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

Rick Gazzola petitions for review of the order of the Workers' Compensation Appeal Board affirming the dismissal of his petition for review of utilization review determination for lack of jurisdiction in accordance with *County of Allegheny v. Workers' Compensation Appeal Board (Geisler),* 875 A.2d 1222 (Pa.Cmwlth.2005).

The record reflects that the employer/insurer filed a utilization review request requesting the assignment of a utilization review organization (URO) to review the reasonableness and necessity of medical treatment provided by Marvin Weinar,[1] M.D. to claimant Rick Gazzola, for an injury sustained on December 31, 1999. More specifically, the employer/insurer sought review of Dr. Weinar's treatment in the form of prescription and use of Oxycontin. The Bureau of Workers' Compensation assigned Solomon Associates as the URO, which issued a determination dated October 19, 2004 that the treatment was not reasonable and necessary pursuant to 34 Pa.Code § 127.464 based on the provider's failure to supply the requested medical records. Appended to the determination was the certified mail return receipt indicating that the request was delivered to Dr. Weinar's office address on August 25, 2004.

Gazzola filed a petition for review of the utilization review determination. After a hearing, the workers' compensation judge dismissed the petition for lack of jurisdiction, citing this Court's decision in *Geisler.* At the hearing, the judge stated for the

---

1. Although the record consistently refers to the provider as Marvin Weiner, M.D., a fax cover sheet/letterhead on a letter from Dr. Weinar of Cooper Family Medicine reflects that the correct spelling is "Weinar." (Claimant's Exhibit 1.)

record that he disagreed with the ruling in *Geisler* and that the better practice would be to remand to a reviewer assuming the provider had a legitimate reason for not providing the records. The Board affirmed the dismissal, rejecting Gazzola's argument that the workers' compensation law and regulations provide for a de novo hearing on an initial URO determination, even a determination that the requested medical records were allegedly not provided.

On appeal,[2] Gazzola argues that the judge's application of *Geisler* to dismiss a review petition for lack of jurisdiction without a hearing to present evidence of whether the requested records were provided or whether the provider had a reasonable excuse for failure to submit the records within the 30–day time period violates the due process rights of providers and injured workers. Gazzola avers that in the present case, he was deprived of the opportunity to challenge the URO representative's determination that the records were due on September 20, 2004 and actually received on September 22, 2004. Gazzola argues that where treatment is determined to be unreasonable and unnecessary based on a failure of the provider to supply requested records, a claimant should have the opportunity to demonstrate that the records were sent, or lost in the mail, or that the provider had a reasonable excuse for not supplying the records in a timely manner or at all. Gazzola urges the Court to revisit its decision in *Geisler*.[3]

In *Geisler*, after the URO issued a determination that the physician's treatments were neither reasonable nor nec-

essary, the claimant filed a petition for review and the employer filed a termination petition, which were consolidated before the workers' compensation judge. The judge denied the employer's motion to dismiss the petition for review and after taking evidence concluded that the physician's treatments were reasonable and necessary, in effect reversing the URO determination on the merits. On appeal, the employer argued that the judge had no jurisdiction to review *the merits* of the URO determination because the determination was based on the failure of the provider to supply requested medical records.

Our decision in *Geisler* states that the Section 306(f.1)(6) of the Workers' Compensation Act (Act),[4] 77 P.S. § 531(6), as implemented by 34 Pa.Code § 127.464, provides the exclusive procedure for challenging the reasonableness or necessity of medical treatment and that neither a workers' compensation judge nor the Board has jurisdiction to *determine the reasonableness of medical treatment* unless and until a report is issued. 875 A.2d at 1126. We based that decision on Section 306(f.1)(6)(iv), which states that a petition for review of a URO determination "filed within thirty (30) days after receipt of the report []" shall be decided by a judge who shall consider the UR report as evidence. 77 P.S. § 531(6)(iv). In the case where the URO renders a determination against a provider because of the provider's failure to mail the records to the URO within 30 days of the date of request, the URO request is not assigned to a

---

2. In workers' compensation cases, our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

3. The Pennsylvania Trial Lawyers Association filed an amicus curiae brief in support of the petitioner.

4. Act of June 2, 1915, P.L. 736, *as amended.*

reviewer, 34 Pa.Code § 127.464(a) and (c), and no reviewer's report is written.

The facts in the present case are distinguishable from the facts in *Geisler*. In the present case, after the URO determination issued and Gazzola filed a petition for review, at a hearing before the judge the parties submitted evidence to demonstrate what efforts were made to obtain the medical records and what happened in response. Pursuant to 34 Pa.Code § 127.464(b),

(b) Before rendering the determination against the provider [based on the provider's failure to supply requested records], a URO shall do the following:

(1) Determine whether the records were mailed in a timely manner.

(2) Indicate on the determination that the records were requested but not provided.

(3) Adequately document the attempt to obtain records from the provider under review, including a copy of the certified mail return receipt from the request for records.

A decision by the judge on the issues of the adequacy of the URO's pursuit of the records,[5] the URO's compliance with 34 Pa.Code § 127.464(b), and whether the provider complied would not be a decision on the merits of whether the treatment was reasonable and necessary, an issue that this court ruled to be outside of the judge's jurisdiction. *Geisler*. The judge has jurisdiction to decide those issues and based on the evidence either to uphold the determination based on failure to provide the records or to vacate the determination and order that the records be sent to a reviewer for a URO determination on the merits of whether the treatment in question was reasonable and necessary.

Accordingly, the order of the Board is vacated, and this matter is remanded for a decision on Gazzola's petition for review.

### *ORDER*

AND NOW, this 22nd day of November 2006, the order of the Workers' Compensation Appeal Board in the above-captioned matter is vacated, and this matter is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

---

**5.** 34 Pa.Code §§ 127.457 through 127.463 govern the timing and procedure for obtaining medical records in light of the time constraints on completing the URO determination.