Jean SUETA, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (CITY OF SCRANTON and PMA GROUP), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 25, 2008.

Decided March 7, 2008.

Michael J. McDonald, Scranton, for petitioner.

Thomas R. Nealon, Scranton, for respondent, City of Scranton.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Jean Sueta (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) to dismiss Claimant's utilization review petition for lack of jurisdiction due to the provider's failure to timely supply medical records to the Utilization Review Organization (URO).

Section 306(f.1)(6) of the Workers' Compensation Act (Act)[1] permits an employer

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(6). Section 306(f.1)(6) of the Act provides:

(6) Except in those cases in which a workers compensation judge asks for an opinion from peer review under section 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same

to seek utilization review (UR) to determine if the medical treatment provided to a claimant is reasonable and necessary by having that treatment peer reviewed by health care professionals. The regulations governing the UR process are found in 34 Pa.Code 127.401–479. Under those regulations, UR must be completed within 30 days of a request for utilization review. 34 Pa.Code § 127.465(b). Once the request for UR is filed, the appointed URO is required to request medical records from the provider under review in writing. 34 Pa.Code § 127.459. A medical provider whose treatment is under review is required to mail those records to the URO within 30 days. 34 Pa.Code § 127.464(a). If the medical provider does not mail the records within the 30 days, the treatment will automatically be found to be unreasonable or unnecessary. *Id.* In this appeal, we are asked to define what needs to be done to toll the 30 day limit set forth at 34 Pa.Code § 127.464(a) to transmit medical records to the URO.

On July 25, 2005, the City of Scranton (City) filed a Utilization Review Request (URR) regarding a work injury that Claimant sustained on June 17, 1989. The Bureau of Workers' Compensation (Bureau) assigned the URR to HealthCare Dimensions, Inc., the URO in this case, for review. On August 3, 2005, the URO forwarded correspondence to the Provider, Stanley Stolack, D.C. (Dr. Stolack), and instructed him to submit Claimant's health care records to the URO by September 2,

2005. Provider mailed the records on September 2, 2005, and stamped the letter using his office's postage meter machine, but the URO did not receive the medical records until September 14, 2005.[2] On September 14, 2005, because the Provider had failed to provide Claimant's medical records within 30 days, the URO issued a determination indicating that the treatment under review was not reasonable and necessary. On October 5, 2005, Claimant filed a petition for review of a utilization review determination and the matter was assigned to the WCJ.

Based on deposition testimony, the WCJ found that "[i]t is undisputed that Dr. Stolack mailed the records in question on September 2, 2005, and that he stamped the letters on his office postage meter machine." (Reproduced Record at 23.) However, while he found that letters were placed in the mail on September 2, 2005, he determined that mailing was ineffective because an office postage meter machine placed the postmark. He stated, under conclusions of law, that "[i]f the doctor had mailed these materials on the date in question and obtained a United States Postal Service postmark on the envelope, these items would have been timely, even if they had been received on September 14, 2005." (Reproduced Record at 23.) Because the records were not timely mailed within 30 days as required by 34 Pa.Code § 127.464(a), the WCJ found that he lacked jurisdiction to review the URO's

profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

2. The Board's opinion recognized the WCJ's finding that the URO received the records on September 15, 2005, the day after it issued the determination under 34 Pa.Code § 127.464(a). However, the Board stated that the uncontradicted testimony of Ms. Nelson, an employee of the URO, "establishes that the URO received Claimant's records on September 14, 2005 and that she made the determination as to the timeliness of these records prior to issuing the Determination. Nevertheless, because our analysis is not affected by whether the records were received on September 14, 2005 or September 15, 2005, any error by the WCJ in this regard is harmless." (Reproduced Record at 29.)

determination. *See County of Allegheny v. Workers' Compensation Appeal Board (Geisler)*, 875 A.2d 1222 (Pa.Cmwlth. 2005).[3]

The Board affirmed the WCJ's finding that he lacked jurisdiction to review the URO determination but, due to the absence of any language in the regulation making reference to the use of a postmark to determine timeliness, disagreed with the WCJ's reasoning that the records were untimely transmitted because the "postmark" was made by a private meter, not an official United States postmark.[4] Instead, the Board reasoned that:

> The URO made its request for Claimant's records on August 3, 2005, making September 2, 2005 the due date for the records. 34 Pa.Code § 127.464(a). Because the Provider mailed the records, the deadline for filing the records was extended three days to September 5, 2005. 34 Pa.Code § 127.2.[5] The deadline was further extended to September 6, 2005, as September 5, 2005 was Labor Day, a legal holiday. Claimant's records were not received by the URO until September 14, 2005. (Reproduced Record at 29.)

It then went on to hold that because the medical records were untimely transmitted to the URO because they were not received on September 6, 2005, the WCJ was then deprived of jurisdiction to address the reasonableness and necessity of Provider's treatment. This appeal followed.[6]

---

**3.** In *Gazzola v. Workers' Compensation Appeal Board*, 911 A.2d 662 (Pa.Cmwlth.2006), this Court reiterated the holding of *Geisler*, stating "[a] decision by the judge on the issues of the adequacy of the URO's pursuit of the records, the URO's compliance with 34 Pa.Code § 127.464 and whether the provider complied would not be a decision on the merits of whether the treatment was reasonable and necessary, an issue that this court ruled to be outside of the judge's jurisdiction." The court then added "[t]he judge has jurisdiction to decide those issues and based on the evidence either to uphold the determination based on failure to provide the records or to vacate the determination and order that the records be sent to a reviewer for a URO determination on the merits of whether the treatment in question was reasonable and necessary." *Gazzola*, 911 A.2d at 665.

**4.** The WCJ's distinction appears to be based on several cases involving unemployment compensation appeals holding that a private postage meter mark is not equivalent to an official U.S. postmark, and is not determinative of the timeliness of an appeal. *See, e.g., Southeastern Pennsylvania Transp. Auth. v. Unemployment Compensation Bd. of Review*, 661 A.2d 505 (Pa.Cmwlth.1995); *UGI Utilities, Inc. v. Unemployment Compensation Board of Review*, 776 A.2d 344 (Pa.Cmwlth. 2001). Those cases, though, involved whether an appeal was timely filed under Section 502 of the Unemployment Compensation Law, 43 P.S. § 822, which requires that an appeal to the Unemployment Compensation Board must be filed "within fifteen days after the date of [the referee's] decision." Pursuant to Section 101.82(d) of Title 34 of the Pennsylvania Code, 34 Pa.Code § 101.82(d), an appeal is deemed to be timely filed even if received after the fifteen-day period if the appeal bears a postmark with a date which falls within the fifteen-day time period set forth in Section 502. *Vereb v. Unemployment Compensation Bd. of Review*, 676 A.2d 1290 (Pa.Cmwlth.1996). As the Board here found, there is no similar language in 34 Pa.Code § 127.464(a) which only requires that the medical records be mailed within the thirty days.

**5.** 34 Pa.Code § 127.2 provides:

> Unless otherwise provided, references to "days" in this chapter mean calendar days. For purposes of determining timeliness of filing and receipt of documents transmitted by mail, 3 days shall be presumed added to the prescribed period. If the last day for filing a document is a Saturday, Sunday or legal holiday, the time for filing shall be extended to the next business day. Transmittal by mail means by first-class mail.

**6.** In workers' compensation cases, our review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights have

Claimant contends that the WCJ and the Board erred in finding that the Provider untimely transmitted her medical records to the URO. While she agrees with the Board that the WCJ's focus on whether the postmark was privately metered or a United States postmark was misplaced, because the regulations make no reference to the use of a postmark in determining whether the records were timely provided, Claimant contends that the Board's reasoning was equally flawed. She argues that the Board's reasoning converts the calculation of whether the 30 days were met from a "date mailed" to a "date received" standard, in direct contravention of 34 Pa.Code § 127.464. We agree.

34 Pa.Code § 127.464(a) states:

If the provider under review fails to mail records to the URO within 30 days of the date of request of the records, the URO shall render a determination that the treatment under review was not reasonable or necessary, if the conditions set forth in subsection (b) have been met.

The language of this provision is clear and unambiguous in that the records be *mailed* and not *received* within 30 days of the date of request. While other statutes and regulations provide how to calculate when a document is to be received, e.g., 34 Pa.Code § 127.2, the only requirement in this regulation is that the record be mailed within 30 days. In this case, the WCJ found that Dr. Stolack *mailed* Claimant's medical records on September 2, 2005, which made them timely under 34 Pa.Code § 127.464.

Accordingly, the Board's order to affirm the decision of the WCJ to dismiss Claimant's utilization review petition is vacated and the Provider's records are ordered to be sent to a reviewer for a URO determination on the merits of whether the treatment in question was reasonable and necessary.

President Judge LEADBETTER concurs in the result only.

Judge LEAVITT concurs in the result only.

### *ORDER*

AND NOW, this *7th* day of *March,* 2008, the order the Workers' Compensation Appeal Board to affirm the decision of the Workers' Compensation Judge to dismiss Claimant's utilization review petition is vacated and the Provider's records are ordered to be sent to a reviewer for a URO determination on the merits of whether the treatment in question was reasonable and necessary.

been violated or errors of law have been committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.