HCR MANORCARE, Petitioner

v.

### WORKERS' COMPENSATION APPEAL BOARD (BOLL-MAN), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 30, 2008.

Filed July 2, 2008.

Harry J. Klucher, Pittsburgh, for petitioner.

Peter J. Gough, Greensburg, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge PELLEGRINI.

HCR ManorCare (Employer) appeals an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision to reassign Employer's request for a Utilization Review Determination of Barbara Bollman's (Claimant) medical treatment by Mark LoDico, M.D. (Dr. LoDico) to a Utilization Review Organization (URO). We affirm because it was within the WCJ's jurisdiction to order the reassignment of this case to the URO.

Claimant sustained a work-related back injury on November 13, 2001, while working for Employer for which she received medical treatment from Dr. LoDico. Employer filed a request for Utilization Review of all office visits, all treatments, prescriptions, operative procedures and diagnostic testing provided to Claimant by Dr. LoDico for the period of August 31, 2005, and forward. The Bureau of Workers' Compensation (Bureau) assigned the request to the URO, C.A.B. Medical Consultants, which obtained Dr. LoDico's records. Because the required Verification Form [1] did not accompany the records,

---

1. The Verification Form consisted of two parts: the top of the form stated Claimant's name, social security number, date of injury, the URO's file number and review number, and then provided:

I, _____, certify that pursuant to Sections 127.459(c)–127.460(b) of Workers Compensation Laws, to the best of my knowledge, the medical records provided constitute the true and complete medical chart as it relates to the employee's work injury.

There is a place for the physician's signature, title and date.

The bottom of the form is titled "Request or Decline Telephone Conference with Review-

the URO did not forward Dr. LoDico's records to John Johnson, M.D. (Dr. Johnson), who was to perform the Utilization Review. Because he received no medical records from Dr. LoDico which could be reviewed, Dr. Johnson issued a Utilization Review Determination on December 13, 2005, concluding that the treatment by Dr. LoDico was neither reasonable nor necessary. Claimant then filed a petition for review of the Utilization Review Determination requesting a hearing to determine the reasonableness or necessity of her treatment by Dr. LoDico for her work injury.

At the hearing before the WCJ, Claimant offered into evidence deposition testimony from Toni Sinkiewicz (Sinkiewicz), the URO's Utilization Review Coordinator. She stated that she received the request from the Bureau on October 24, 2005, and had assigned the Utilization Review to Dr. Johnson after determining that he had the same Board certifications as Dr. LoDico. She testified that to the best of her knowledge, a Certification Form was sent out with the letter she mailed to Dr. LoDico's office on October 24, 2005, requesting the records, and she sent the letter by certified mail with return receipt requested. In the letter, she informed Dr. LoDico that his records had to be submitted within 30 days of the date of the letter and stated that his records were due by November 18, 2005. She called his office this same date to notify him of the request and spoke to his office manager, Amy Barkley. Ms. Sinkiewicz stated that because she did not receive Dr. LoDico's records and the Verification Form, she again requested them by a letter and phone call on November 14, 2005, and again by phone call on November 18, 2005. She stated that she received the medical records on November 22, 2005,

but did not forward them to Dr. Johnson because there was no signed Verification Form. Instead, she returned the medical records to Dr. LoDico that same date. She admitted on cross-examination that she miscounted the 30 days from the date of her letter, and Dr. LoDico would have had time to submit a Verification Form had he been informed.

Also offered into evidence without objection was a letter to Claimant's counsel dated January 13, 2006, from Dr. LoDico's physician assistant, Jason Fantini, stating: "Records were requested from our office for utilization review on Barbara Bollman. Those records were mailed on November 17, 2005. They were returned to our office stating they needed a verification page. Our medical records specialist called and requested a verification page and one was never sent. Our office manager is currently looking into the issue." A second letter offered into evidence dated February 8, 2006, also without objection, was from Dr. LoDico's case manager, Cheryl Gilmore, R.N., stating: "Please find enclosed a copy of the letter that we received from C.A.B. Medical Consultants dated November 30, 2005, stating they were returning the records we had sent as there was not a signed verification accompanying them. We had requested the verification page upon submitting the medical record at the onset. Both our office manager and medical records specialist had called them to request a verification page so that we could resend the records. They were told it was too late to resubmit the records and a verification page would not be forthcoming."

After accepting these letters into evidence, the WCJ found Ms. Sinkiewicz credible that she sent the Notification Form to Dr. LoDico's office, but he also

---

er" and allows the physician/provider to check whether he or she wants or does not

want a telephone conference with the physician/reviewer.

found that Dr. LoDico did not receive the Notification Form. Nonetheless, the WCJ made the following finding of fact:

8. Dr. Lodico's office should have requested the verification form by a telephone call or by fax when the requested record was mailed on November 17, 2005, one day before the requested due date and six days before the expiration of the 30–day period. Ms. Sinkiewicz could have contacted Dr. Lodico's office by telephone, as she had three times previously, when she received Dr. Lodico's records on November 2, 2005, within the 30–day period but without the verification form. She may have accepted the November 18, 2005 date which she stated in her letter of October 24, 2005 as the end of the 30–day period. In any event she elected to return Dr. Lodico's records on the same date that she elected to assign the review to Dr. Johnson, November 22, 2005.

■ The WCJ then concluded that there should be an order for another Utilization Review of Dr. LoDico's injury treatment as requested by Employer and issued an order assigning the request for a Utilization Review Determination to the URO. Both parties appealed to the Board, which affirmed the WCJ, and this appeal by Employer followed.[2]

On appeal, Employer contends that the Board erred by affirming the WCJ's order directing reassignment of Claimant's Utilization Review request because the WCJ made no specific findings regarding issues over which the WCJ had jurisdiction. What jurisdiction a WCJ has to hear an appeal from the URO determination where medical treatment was found to be unnecessary based on the failure of the provider to properly transmit its medical records is set forth in *Gazzola v. Workers' Compensation Appeal Board (Ikon Office Solutions)*, 911 A.2d 662 (Pa.Cmwlth.2006).

In *Gazzola*, the issue on appeal was whether the physician/provider timely provided the claimant's medical records to the URO in accordance with the URO's request when they were received two days after the 30–day time period. Relying on *County of Allegheny v. Workers' Compensation Appeal Board (Geisler)*, 875 A.2d 1222 (Pa.Cmwlth.2005), for the proposition that a WCJ does not have jurisdiction to determine the reasonableness of medical treatment unless a report is issued, and that 34 Pa.Code § 127.464(b)(1)[3] requires the URO to determine if medical records were timely mailed before rendering a determination against the provider, we held that:

"A decision by the judge on the issues of the adequacy of the URO's pursuit of the records, the URO's compliance with

2. Our scope of review of the Board's decision is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel)*, 833 A.2d 276 (Pa.Cmwlth. 2003).

3. 34 Pa.Code 127.464 provides the following:
(a) If the provider under review fails to mail records to the URO within 30 days of the date of request of the records, the URO shall render a determination that the treatment under review was not reasonable or

necessary, if the conditions set forth in subsection (b) have been met.
(b) Before rendering the determination against the provider, a URO shall do the following:
(1) Determine whether the records were mailed in a timely manner.
(2) Indicate on the determination that the records were requested but not provided.
(3) Adequately document the attempt to obtain records from the provider under review, including a copy of the certified mail return receipt from the request for records.

34 Pa.Code § 127.46[464](b), and wheth-er the provider complied would not be a decision on the merits of whether the treatment was reasonable and neces-sary, an issue that this court ruled to be outside of the judge's jurisdiction. *Geis-ler.* The judge has jurisdiction to decide those issues and based on the evidence either to uphold the determination based on failure to provide the records **or to vacate the determination and order that the records be sent to a reviewer for a URO determination on the mer-its of whether the treatment in ques-tion was reasonable and necessary."**

4. For example, the WCJ made the following findings of fact:

> 4. [Ms. Sinkiewicz's] request to Dr. Lodico was by a letter sent on the day the assign-ment was received, October 24, 2005 . . . On this date she made a telephone call to Dr. Lodico's office to notify him of the Utilization Review request; she spoke with Amy, presumably Dr. Lodico's office man-ager, Amy Barkley. By her letter of Octo-ber 24, 2005 Ms. Sinkiewicz informed Dr. Lodico that his records must be submitted within 30 days of the date of her letter and she stated that his records were due No-vember 18, 2005 (the 30–day period would actually end November 23, 2005). By her letter she requested a signed Verifica-tion/Telephone Conference Form; **her letter indicates that his form was enclosed with her letter.** Because she did not receive Dr. Lodico's records and the verification form she again requested them by a letter and telephone call on November 14, 2005 and by a telephone call on November 18, 2005. She received Dr. Lodico's records on No-vember 22, 2005, but without the requested signed verification form. . . . She returned Dr. Lodico's records to him on November 30, 2005 because she had not received his signed verification form.
> **These facts are based upon the credible testimony of Ms. Sinkiewicz. They were not disputed.**
> 5. The dispute in this matter relates to the signed verification form which was to ac-company Dr. Lodico's records. Dr. Lodi-co's office agreed that the requests for Dr. Lodico's records by Ms. Sinkiewicz were

*Id.* at 665. (Emphasis added.) Under *Gazzola* then, a WCJ lacks jurisdiction to decide the merits of the Utilization Review petition, i.e., whether the claimant's treat-ment was unreasonable and unnecessary based on the provider's failure to supply the medical records with the Verification Form, but does have jurisdiction to decide the issues of the adequacy of the URO's pursuit of the Verification Form, the URO's compliance with 34 Pa.Code § 127.464(b), and whether the provider complied with that section.

 In this case, while the WCJ's find-ings of fact are somewhat convoluted,[4]

> received **but denied receiving the verifica-tion form.** Dr. Lodico's case manager, Cheryl Gilmore, R.N., reported that the ver-ification page was requested upon submit-ting the medical record "at the onset," ap-parently meaning when they were mailed to Ms. Sinkiewicz on November 17, 2005, by their medical records clerk, **Brian Pardee, who could not recall receiving the original request.** Ms. Constantini reported that Mr. Pardee and their office manager, Ms. Bark-ley, contacted C.A.B. Medical Consultants, asking for a verification form so that the records could be resent; these requests had to be made after their records were re-turned on November 30, 2005.

> \* \* \*

> 8. Dr. Lodico's office should have request-ed the verification form by a telephone call or by fax when the requested record was mailed on November 17, 2005, one day before the requested due date and six days before the expiration of the 30–day period. Ms. Sinkiewicz could have contacted Dr. Lodico's office by telephone, as she had three times previously, when she received Dr. Lodico's records on November 22, 2005, within the 30–day period but without the verification form. She may have ac-cepted the November 18, 2005 date which she stated in her letter of October 24, 2005 as the end of the 30–day period. In any event she elected to return Dr. Lodico's records on the same date that she elected to assign the review to Dr. Johnson, Novem-ber 22, 2005.
> (Emphasis added.)

they ultimately indicate that the WCJ believed that there was a problem between Dr. LoDico and the URO involving the request for medical records, including when the medical records were to be provided and the uncertainty over the sending and receipt of the Verification Form. Because what the WCJ decided was whether the Utilization Review petition was properly denied based on whether the request for the medical records were properly perfected and not the merits, the WCJ had jurisdiction to order the records to be re-reviewed by the URO.

 As for Employer's contention that the WCJ did not issue a well-reasoned decision, the findings set forth that the WCJ was not reviewing the matter on the merits but rather on the question of whether the medical records could be sent for a review to another URO determination per *Gazzola.* A reasoned decision is one "if it allows for adequate review by the Board without further elucidation and if it allows for adequate review by the appel-

late courts under applicable review standards. A reasoned decision is no more and no less." *Daniels v. Workers' Compensation Appeal Board (TriState Transport),* 574 Pa. 61, 76, 828 A.2d 1043, 1052 (2003). Because there are sufficient findings for both the Board and this Court to conduct adequate review, Employer's argument is without merit.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 2nd day of *July,* 2008, the order of the Workers' Compensation Appeal Board, dated November 27, 2007, at A07–1084, is affirmed.