Linda SEXTON, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (FOREST PARK
HEALTH CENTER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted May 6, 2009.
Decided May 22, 2009.

Stephen J. Hogg, Carlisle, for petitioner.

Christopher D. Pavuk and Patricia Haas Corll, Wormleysburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, PELLEGRINI, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge PELLEGRINI.

Linda Sexton (Claimant) appeals from a decision of the Workers' Compensation Appeal Board (Board) reversing the order of the Workers' Compensation Judge

(WCJ) which ordered a new utilization review and granted the appeal of Forest Park Health Center (Employer). Finding no error in the Board's decision, we affirm.

Claimant suffered a work-related back injury in April 1999. Claimant sought treatment from Ted D. Kosenke, M.D. (Dr. Kosenke) and began receiving myoblock injections for pain relief in December 2004. Employer subsequently filed a utilization review petition seeking a determination as to whether the pain relief injections were reasonable and necessary.

The utilization review was assigned to the Utilization Review Organization (URO) of McBride & McBride Associates. On January 31, 2005, the URO requested Claimant's records from Dr. Kosenke. On February 10, 2005, it received the requested records but the records did not contain the required verification form signed by Dr. Kosenke. On February 15, 2005, the URO returned the records and asked that Dr. Kosenke resubmit them with the signed verification form. According to testimony given by Brett Miller (Director Miller), the Director of Health Information at Carlisle Regional Medical Center, Dr. Kosenke did execute the requested form, but the medical center failed to forward the signed verification, even after the February 15 request. Because the forms were not timely provided to the URO, on March 30, 2005, it issued a determination that the treatments were neither reasonable nor necessary.

Claimant then filed a petition for review of Utilization Review Determination with a WCJ. On March 20, 2006, the WCJ ordered that further utilization reviews be conducted for an assessment on the merits of whether the pain relief injections were reasonable and necessary. Employer appealed to the Board, which vacated the WCJ's decision and remanded the matter to the WCJ for a determination as to whether the URO followed proper procedure. After holding hearings on the matter and accepting deposition testimony, the WCJ concluded that under Section 127.459(c) of the Workers' Compensation Medical Cost Containment Regulations (Regulations), 34 Pa.Code § 127.459, a verification form was required, but the Regulations did not direct a URO to return timely received records for a lack of verification. Because the URO in the present case returned the records solely for lack of a signed verification, the WCJ again ordered an assessment on the merits and awarded Claimant cost of litigation.

■ Employer then appealed that decision to the Board maintaining that the WCJ erred in ordering further utilization review because the failure to timely issue the verification form with the medical records to the URO was a failure to comply with the utilization review provisions. The Board agreed and reversed the WCJ's decision. Claimant then appealed to this Court.[1]

■ Section 306(f.1)(6) of the Workers' Compensation Act (Act),[2] 77 P.S. § 531(6),[3]

1. Our scope of review of a Board's order is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. *Visteon Systems v. Workers' Compensation Appeal Board (Steglik)*, 938 A.2d 547 (Pa.Cmwlth.2007).

2. Act of June 2, 1915, P.L. 736, *as amended.*

3. 77 P.S. § 531(6) provides in relevant part that disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

   (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, em-

as implemented by 34 Pa.Code § 127.464, provides the exclusive procedure for challenging the reasonableness or necessity of medical treatment and states that neither a workers' compensation judge nor the Board has jurisdiction to determine the reasonableness of medical treatment unless and until a report is issued. Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv), provides that a petition for review of a URO determination is to be "filed within thirty (30) days after receipt of the report" and shall be decided by a judge who shall consider the URO report as evidence. Where a provider has failed to produce the medical records as requested by the URO, the request is not assigned to a reviewer, and no reviewer's report is written. *See* 34 Pa.Code §§ 127.464(a) and (c). Where that occurs, the reasonableness of the bills submitted are final and cannot be appealed to the WCJ. *County of Allegheny v. Workers' Compensation Appeal Board (Geisler)*, 875 A.2d 1222 (Pa.Cmwlth.2005).

■ On appeal, Claimant argues that the URO did not have the authority to return the medical records for lack of verification and it was correspondingly required to submit them to a reviewer to determine if the treatments covered by those bills were reasonable and necessary.

The procedures that a URO is to follow in securing medical records are set forth at 34 Pa.Code § 127.464 which provides:

(a) If the provider under review fails to mail records to the URO within 30 days of the date of request of the records, the URO *shall* render a determination that

the treatment under review was not reasonable or necessary if the conditions set forth in subsection (b) have been met.

(b) Before rendering the determination against the provider, a URO shall do the following:

(1) Determine whether the records were mailed in a timely manner.

(2) Indicate on the determination that the records were requested but not provided.

(3) Adequately document the attempt to obtain records from the provider under review, including a copy of the certified mail return receipt from the request for records.

(Emphasis added.)

Regarding verification of those records, 34 Pa.Code § 127.459(c) states that:

(c) The provider under review, or his agent, *shall* sign a verification that to the best of his knowledge, the medical records provided constitute the true and complete medical chart as it relates to the employe's work injury.

(Emphasis added.)

Because 34 Pa.Code § 127.459(c) makes it mandatory that a signed verification form be provided, the failure to do so is the same as providing no medical records. Without such a form, the URO cannot say with certainty that the records are accurate, and the penalties for false attestation cannot be imposed if knowingly false records are submitted or other records are deleted. Because there is no dispute that

ployer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

the URO in the present case followed the required procedures in attempting to obtain the medical records for review, the Board properly found that the URO had no choice but to deem the treatments unreasonable and unnecessary because the records were not properly submitted due to the lack of the required verification form.[4]

Accordingly, the order of the Board reversing the WCJ's decision is affirmed.

### ORDER

AND NOW, this *22nd* day of *May,* 2009, the June 6, 2008 order of the Workers' Compensation Appeal Board at No. 07–1995 is affirmed.

## DISSENTING OPINION BY JUDGE BUTLER

I respectfully dissent from the majority opinion in this matter. Because I agree that the Workers' Compensation Appeal Board (Board) erred in reversing the order of the Workers' Compensation Judge (WCJ) for a new utilization review, I would reverse the decision of the Board.

The purpose of the Workers' Compensation Act as a whole is "to benefit the workers of this Commonwealth; therefore, its provisions must be liberally construed to effectuate its humanitarian objectives, and borderline interpretations are construed in the injured party's favor." *Gillette v. Wurst,* 594 Pa. 544, 554, 937 A.2d 430, 436 (2007). This principle must be applied not only to statutory provisions, but to all regulations promulgated under the Workers' Compensation Act (Act).[1]

Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), allows employers to challenge the reasonableness and necessity of services provided by medical care providers, subject to the procedures set forth in the Regulations, 34 Pa.Code §§ 127.1–127.755. Section 127.459 of the Regulations, 34 Pa. Code § 127.459, states in relevant part:

(b) *The medical records of the provider under review may not be requested from, or supplied by, any source other than the provider under review.*

(c) The provider under review, or his agent, *shall* sign a verification that, to the best of his knowledge, the medical records provided constitute the true and complete medical chart as it relates to the employe's work-injury.

(Emphasis added).

Further, Section 127.464 of the Regulations, 34 Pa.Code § 127.464, provides:

(a) If the provider under review *fails to mail records* to the URO within 30 days of the date of request of the records, the URO shall render a determination that the treatment under review was not reasonable or necessary, if the conditions set forth in subsection (b) have been met.

(b) Before rendering the determination against the provider, a URO shall do the following:

(1) Determine whether the records were mailed in a timely manner.

(2) Indicate on the determination that the records were requested but not provided.

(3) Adequately document the attempt to obtain records from the provider under review, including a copy of the certified

---

**4.** Claimant is not without recourse. She may seek treatment with another physician who will be more forthcoming should Employer challenge this course of medical treatment in the future. *Stafford v. Workers' Compensation*

*Appeal Board (Advanced Placement Services ),* 933 A.2d 139, 142 (Pa.Cmwlth.2007).

**1.** Act of June 2, 1915, PL. 736, *as amended,* 77 P.S. §§ 1—1041.4, 2501–2708.

mail return receipt from the request for records.

(Emphasis added).

This Court has held that a WCJ has the jurisdiction to determine "issues of the adequacy of the [URO's] pursuit of the Verification Form, the [URO's] compliance with 34 Pa.Code § 127.464(b), and whether the provider complied with that section." *HCR ManorCare v. Workers' Comp. Appeal Bd. (Bollman)*, 951 A.2d 1242, 1246 (Pa.Cmwlth.2008). Based upon the evidence, the WCJ may "uphold the determination based on failure to provide the records **or vacate the determination and order that the records be sent to a reviewer for a URO determination on the merits of whether the treatment in question was reasonable and necessary.**" *Id.* (quoting *Gazzola v. Workers' Comp. Appeal Bd. (Ikon Office Solutions)*, 911 A.2d 662, 665 (Pa.Cmwlth.2006)). On the facts of this case I believe it was entirely appropriate for the WCJ to order the records returned to the URO for a determination on the merits.

Here, there is no dispute that Claimant suffered a work-related injury to her back, that she received bilateral myoblock injections for pain relief from Ted D. Kosenske, M.D. at the Carlisle Regional Medical Center, that Dr. Kosenske executed the verification, or that the URO. timely received Dr. Kosenske's records. The requisite verification, however, was not included in the timely submission to the URO. When the URO returned Claimant's records to Dr. Kosenske requesting the verification, the signed verification was, for some unexplained reason, not forwarded to the URO in a timely manner. From an equity standpoint, I respectfully disagree with the Majority's conclusion that Dr. Kosenske's failure to provide the verification form is the same as providing no medical records at all, when: a) the records were provided,

and b) Dr. Kosenske is not a party before the Court.

The parties at interest for our purposes are the Claimant and the Employer, and indeed the matter is before this Court on Claimant's appeal. Under Section 127.459(b), however, Claimant was divested of any opportunity to cure this defect by forwarding the signed verification herself. Thus, through no fault of her own, Claimant was denied meritorious assessment of the necessity and reasonableness of her pain relief injections as the URO issued its determination pursuant to Section 127.464(a) indicating that the services reviewed were not reasonable and necessary. In reality, the URO did not review any services, but merely excused Employer on a perceived procedural technicality from compensating Claimant for pain relief treatment related to her work injury. According to the Majority, Claimant is not without recourse as Claimant may simply turn to another provider for the pain treatment at issue. The Majority, perhaps, misses the practical implications of the Board's determination that the treatment at issue was not reasonable and necessary. Employer may very well use this determination as a basis for refusing to pay for Claimant's myoblock pain relief injections in the future. In my opinion, the result is contrary to the spirit of the Workers' Compensation Act.

Moreover, I must also disagree with the Majority's conclusion that there is no dispute that the URO in the present case followed the required procedures. Given that precise question, the WCJ recognized the fact that the URO received Claimant's medical records in a timely manner, and that the regulations *do not* direct URO's to return medical records that are substantively complete for lack of a verification form. Section 127.466 of the Regulations, 34 Pa.Code § 127.466, provides that:

"*Upon receipt of the medical records, the URO shall forward the records ... to a reviewer ....*" (Emphasis added). Here the URO failed to forward the records to a reviewer. Thus, the WCJ vacated the URO's determination, and directed a determination on the merits. I agree with the WCJ's decision as it is entirely consistent with the stated purpose of the Act. In my view, it was highly appropriate and within the WCJ's discretion to order a meritorious assessment, the validity of which would of course be contingent upon verification of the records reviewed.

I would reverse the Board and affirm the WCJ.