# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upper Moreland Township School     :
District,     :
            Petitioner     :
    :   No. 40 C.D. 2024
       v.     :
    :   Submitted: November 7, 2024
Lillian Brooks (Workers'     :
Compensation Appeal Board),     :
            Respondent     :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                     **FILED: December 20, 2024**

Upper Moreland Township (Employer) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) in favor of Lillian Brooks (Claimant). On appeal, Employer generally contends the WCJ's decision was unreasonable, asserts a particular issue was barred by collateral estoppel, and questions whether Claimant's doctor provided Employer with Claimant's complete medical records, as required by 34 Pa. Code § 127.459(c). After review, we affirm.

## I. BACKGROUND[1]

In 2015, Claimant suffered a work-related injury, including a heart attack, stroke, brain damage, and permanent memory and cognitive impairment. She

---

[1] Unless otherwise stated, we state the background based on the WCJ's and Board's decisions, which are supported by substantial evidence. *See* WCJ Op., 2/3/23; Bd.'s Op., 12/13/23; WCJ's Op., 9/11/17.

filed a successful claim petition and received total disability benefits. In early 2021, Claimant visited Dr. Adam Weinstein, a neurologist. Theophilus Brown, who lives with Claimant, accompanied Claimant. Per Dr. Weinstein, Brown conveyed Claimant's medical history, although the parties dispute Brown's testimony, which we discuss in further detail below. Dr. Weinstein opined that Claimant required 24-hour home care.

In late 2021, Claimant filed a utilization review (UR) request regarding 24-hour home care. A UR organization doctor, Dr. Richard Bennett, determined that such care was unreasonable or unnecessary. Claimant filed a petition for review with the WCJ. Meanwhile, in early 2022, Claimant filed a second UR request. A different UR organization doctor, Dr. Kornel Lukacs, determined Claimant's request was reasonable and necessary. Employer also filed a petition for review with the WCJ.

The WCJ heard Claimant's and Employer's petitions for review simultaneously. Following several hearings, including on May 25 and September 1, 2022, the WCJ granted Claimant's petition and denied Employer's petition, *i.e.*, the WCJ concluded that 24-hour home care for Claimant was reasonable and necessary treatment. In relevant part, the WCJ found Claimant and her witnesses more credible than Employer's witnesses.

Employer timely appealed to the Board, which affirmed. Employer timely appealed to this Court.

## II. ISSUES

Employer raises four issues, which we reordered to facilitate disposition. First, Employer contends that collateral estoppel should have barred the WCJ from considering Claimant's second UR request that was decided in her favor

by Dr. Lukacs. *See* Employer's Br. at 5. Second, according to Employer, Dr. Weinstein failed to provide Employer with all of Claimant's medical records related to her work injury, as required by law. *See id.* Employer's last two issues challenge whether the WCJ issued a reasoned decision supported by substantial, competent evidence. *See id.*

### III. DISCUSSION[2]

The Workers' Compensation Act (Act)[3] requires that employers pay for "reasonable surgical and medical services . . . for work injuries." *Keystone RX LLC v. Bureau of Workers' Comp. Fee Rev. Hr'g Off.*, 265 A.3d 322, 325 (Pa. 2021) (cleaned up). Disputes "regarding the reasonableness or necessity of treatment by a health care provider shall be resolved by a UR . . . at the request of an" employee or employer. *Id.* (cleaned up). In turn, a UR organization reviews the reasonableness or necessity of the prescribed treatment. *Id.* A party aggrieved by a UR organization decision may appeal to a WCJ, which conducts a *de novo* hearing. *Id.*; *Burgess v. Workers' Comp. Appeal Bd. (Patterson-UTI Drilling Co.)*, 231 A.3d 42, 47 (Pa. Cmwlth. 2020).

### A. Collateral Estoppel

Employer argues that the doctrine of collateral estoppel barred Claimant from filing serial UR requests for the same treatment. Employer's Br. at 28. In support, Employer discusses two cases in which this Court held that collateral estoppel barred re-litigation of an earlier WCJ determination. *Id.* at 30-32 (citing

---

[2] Our review is limited to determining "whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (*Bryn Mawr*) (citation omitted). We must read all decisions against their facts. *Maloney v. Valley Med. Facilities, Inc.*, 984 A.2d 478, 485-86 (Pa. 2009).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

3

*C.D.G., Inc. v. Workers' Comp. Appeal Bd. (McAllister)*, 702 A.2d 873 (Pa. Cmwlth. 1997), and *Gary v. Workers' Comp. Appeal Bd. (Phila. Sch. Dist.)*, 18 A.3d 1282 (Pa. Cmwlth. 2011)). In Employer's view, those cases stand for the proposition that "a party seeking to challenge a prior determination . . . may do so" only if one of two conditions are fulfilled: either (1) a change in the claimant's medical condition, or (2) "a substantial period of time has elapsed" since the prior WCJ decision. *Id.* at 32. Employer contends that Claimant fulfilled neither condition. *Id.*

Collateral estoppel "bars re-litigation of an issue that was decided in a prior action . . . ." *In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 379 (Pa. 2021) (*Coatesville*) (citations omitted). Generally, collateral estoppel applies when four elements are met: "the issue is the same as in the prior litigation; the prior action resulted in a final judgment on the merits; the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action." *Id.* (citation omitted). The "prior action" includes administrative agency actions in which the agency acted in a judicial capacity. *Skotnicki v. Pa. Ins. Dep't*, 146 A.3d 271, 283 (Pa. Cmwlth. 2016).[4]

In *C.D.G.*, a WCJ held that the claimant no longer required any physical therapy. *C.D.G.*, 702 A.2d at 877. Thereafter, a second WCJ held that the first decision was not binding and that the therapy was reasonable and necessary.[5] *Id.* at

---

[4] The *claim* need not be the same. "For example, if, in a breach of contract action, the defendant asserts that the contract is invalid because of fraud, but the contract is ruled valid and the defendant is found liable, in a future lawsuit against the same party alleging a separate breach of the same contract the defendant is precluded from asserting the invalidity of the contract based on fraud." *Coatesville*, 244 A.3d at 379 (citation omitted).

[5] In between these decisions, the Act was amended to enact the UR process. *C.D.G.*, 702 A.2d at 874. The first WCJ resolved the employer's petition to review the claimant's medical treatment. *Id.* The second WCJ resolved the employer's UR request. *Id.*; *Gary*, 18 A.3d at 1287 (distinguishing *C.D.G.* because, *inter alia*, that case "involved two *different* petitions" (emphasis

4

875. The employer appealed, and the Board affirmed. *Id.* However, this Court reversed, reasoning that because the claimant had not shown a change in his medical condition, the second WCJ erred by permitting the claimant to "relitigate whether the same treatment was necessary . . . ." *Id.* at 877-78.

In reaching its holding, the *C.D.G.* Court noted that Section 306(6)(i) of the Act, 77 P.S. § 531(6)(i),[6] permits subsequent UR requests "for new and different treatment and for treatment if the condition worsens from the last" UR. *Id.* at 877. Per this Court, the section allows litigants to invoke collateral estoppel to prevent a party from continuously filing UR requests when the "treatment and [the] claimant's condition remains the same even though time has past." *Id.*; *Gary*, 18 A.3d at 1287 (stating that in *C.D.G.*, "in order to avoid collateral estoppel, it was necessary for the claimant to present new facts of a change in his condition or a change in the increase of his pain").

In *Gary*, the first WCJ resolved, in the claimant's favor, a UR petition regarding the reasonableness and necessity of the claimant's treatment after June 2002. *Gary*, 18 A.3d at 1284, 1287. Over five years later, the second WCJ resolved a UR petition addressing the reasonableness of the claimant's treatment after 2007. *Id.* The second WCJ found against the claimant, and the claimant appealed,

---

in original)).

[6] Section 306(6)(i) of the Act, 77 P.S. § 531(6)(i), follows:

> (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

Section 306(6)(i) of the Act, 77 P.S. § 531(6)(i).

reasoning that the second WCJ should have been bound by the first WCJ's decision. *Id.* The *Gary* Court held that the second WCJ was not bound by the first WCJ's decision because two different UR petitions were at issue: the first for treatment after June 2002, and the second for treatment after 2007. *Id.* at 1287.

Therefore, we agree with Employer that it is generally inappropriate to file serial UR petitions unless there has been a change in the claimant's medical condition or a substantial period of time has elapsed. However, here, unlike *C.D.G.* and *Gary*, only one WCJ decision is at issue. *Cf. C.D.G.*, 702 A.2d at 877; *Gary*, 18 A.3d at 1287. To invoke collateral estoppel properly, Employer needed another decision in which the reasonableness and necessity of Claimant's medical treatment was fully litigated, resolved, and binding. *See Coatesville*, 244 A.3d at 379; *Skotnicki*, 146 A.3d at 283. Here, a single WCJ decided both Claimant's and Employer's UR petitions at the same time.

Employer, however, suggests that under *C.D.G.*, collateral estoppel should have barred Claimant from *filing* successive UR requests prior to any WCJ decision, absent a change in her medical condition. *See* Employer's Br. at 30-31. We are aware of no absolute bar to serial petitions, and under the unique circumstances of this case, we decline to recognize one. *See Maloney*, 984 A.2d at 485-86. Importantly, there was no final judgment on the merits of Claimant's initial UR petition. As noted by the Board, the WCJ simultaneously decided these petitions and afforded both parties an opportunity to fully litigate their merits. *See* Bd.'s Op. at 2. Further, assuming that collateral estoppel could apply despite the absence of a prior, adjudicative decision, the instant WCJ specifically held that "it would make no difference if Claimant's [*second* UR request was] barred by collateral estoppel and Dr. Lukacs' opinions not considered." Bd.'s Op. at 2-3 (quoting WCJ's opinion).

6

The WCJ explained it made no difference because she found Dr. Weinstein's testimony credible. *Id.* at 2. In other words, even if the WCJ had ignored Claimant's second UR request on collateral estoppel grounds, the WCJ would have granted relief on Claimant's first UR petition, *i.e.*, the WCJ credited Dr. Weinstein and essentially reversed Dr. Bennett's UR determination. *Id.* at 2-3. For these reasons, Employer is due no relief on its first issue.

## B. Compliance with 34 Pa. Code § 127.459(c)

Next, Employer contends that Dr. Weinstein had to verify that he provided the complete medical records to the UR organization. Employer's Br. at 43 (citing 34 Pa. Code § 127.459(c)).[7] According to Employer, Dr. Weinstein's verification was "inaccurate" because he did not produce Claimant's complete medical records regarding Claimant's injury. *Id.* at 44-45. When Employer questioned Dr. Weinstein in May 2022 about the other records, he could not explain why Claimant's other records were not produced. *Id.* (citing Notes of Testimony (N.T.) Weinstein Dep., 5/4/22, at 33).[8] Employer reasons that the WCJ, unprompted, should have held that Dr. Weinstein violated 34 Pa. Code § 127.459(c). *Id.* at 45-46. Because of Dr. Weinstein's violation, Employer posits that the WCJ lacked jurisdiction to review the decisions of the UR organization. *Id.* at 46.

The WCJ has jurisdiction to consider UR appeals. Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv).[9] However, the Act does not deprive

---

[7] 34 Pa. Code § 127.459(c) states that the "provider under review, or his agent, shall sign a verification that, to the best of his knowledge, the medical records provided constitute the true and complete medical chart as it relates to the employe's work-injury." 34 Pa. Code § 127.459(c).

[8] Dr. Weinstein answered: "I don't know the answer to that. They are in my electronic medical system and could be sent over pretty easily so I don't have a reason and wasn't aware that they weren't sent." N.T. Weinstein Dep., at 33; *accord id.* at 34 (same).

[9] Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv) states:

If the provider, employer, employe or insurer disagrees with the finding of the

the WCJ of jurisdiction if a doctor failed to comply with the relevant regulations. *See Gazzola v. Workers' Comp. Appeal Bd. (Ikon Off. Sols.)*, 911 A.2d 662, 665 (Pa. Cmwlth. 2006). The *Gazzola* Court held that a WCJ "has jurisdiction to decide" whether a UR organization and doctor *complied* with regulations governing the production of medical records. *Id.*

Further, a litigant must actually raise the issue before the WCJ. *Seamon v. Workers' Comp. Appeal Bd. (Sarno & Sons Formals)*, 761 A.2d 1258, 1263 (Pa. Cmwlth. 2000) (*en banc*) (holding that because the claimant failed to challenge compliance with 34 Pa. Code § 127.404 before the WCJ and Board, the claimant waived the issue).[10] Failure to raise such issues at the earliest opportunity results in waiver. *Station Square Gaming L.P. v. Pa. Gaming Control Bd.*, 927 A.2d 232, 240 (Pa. 2007) (*Station*); *Dobransky v. Workers' Comp. Appeal Bd. (Continental Baking Co.)*, 701 A.2d 597, 600 (Pa. Cmwlth. 1997).

Instantly, 34 Pa. Code § 127.459 simply does not address the WCJ's or Board's jurisdiction. An alleged violation of this regulation does not deprive the WCJ of jurisdiction. *Cf. Gazzola*, 911 A.2d at 665; *Seamon*, 761 A.2d at 1263. Indeed, if Employer had raised the issue, the WCJ was empowered to resolve whether Dr. Weinstein had complied with 34 Pa. Code § 127.459(c). *See Gazzola*, 911 A.2d at

---

utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv). Section 402.1 was added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 711.1.

[10] 34 Pa. Code § 127.404 requires an employer to request UR "within 30 days of the receipt of the bill and medical report for the treatment at issue."

665; *Seamon*, 761 A.2d at 1263. To be clear, we reject Employer's argument that the WCJ lacked jurisdiction because of an alleged violation of 34 Pa. Code § 127.459. As the Board noted, Employer was aware that Dr. Weinstein's verification was incomplete since May 4, 2022, when it deposed Dr. Weinstein, and the WCJ held hearings thereafter on May 25 and September 1, 2022—ample opportunity to raise the issue before the WCJ. Because Employer did not timely raise the issue before the WCJ, we agree with the Board that Employer waived any challenge to this verification. *See Dobransky*, 701 A.2d at 600; *Station*, 927 A.2d at 240.

### C. The WCJ's Decision

Finally, Employer asserts that the WCJ did not issue a reasoned decision supported by substantial, competent evidence. Employer generally contends that it met its burden of proving that 24-hour home care was not reasonable or necessary. Employer's Br. at 39-41 (reiterating testimony and evidence that Employer maintains support its contention). More specifically, Employer maintains that the WCJ failed to articulate why she found the testimony of Drs. Weinstein and Lukacs more credible than that of Employer's doctors. *Id.* at 19-21, 26. Employer relatedly attacks the Board for not precisely identifying the "specific, objective reasons" for the WCJ's credibility findings. *Id.* at 22.

Employer also criticizes the WCJ's specific finding that Brown had provided Dr. Weinstein with Claimant's medical history. *Id.* at 37-38. In Employer's view, Brown testified that he did *not* provide Claimant's medical history to Dr. Weinstein. *Id.* at 38 (arguing that Brown "did not talk to Dr. Weinstein or give him information about" Claimant). Because Brown's testimony purportedly conflicts with Dr. Weinstein's testimony, Employer opines that the WCJ's finding is not supported by evidence of record. *Id.* at 38-39.

9

Generally, the WCJ acts as the "exclusive arbiter of credibility." *IA Constr. Corp. v. Workers' Comp. Appeal Bd. (Rhodes)*, 139 A.3d 154, 161 (Pa. 2016) (cleaned up). A WCJ faced with conflicting evidence, "must adequately explain the reasons for rejecting or discrediting competent evidence." Section 422(a) of the Act, 77 P.S. § 834. The WCJ thus must issue a "reasoned decision[] so that this Court does not have to imagine the reasons why a WCJ finds that the conflicting testimony of one witness was more credible than the testimony of another witness." *Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 76 (Pa. Cmwlth. 2012).

When a witness has testified in-person, a "mere conclusion as to which witness was deemed credible . . . could be sufficient to render the [WCJ's] decision adequately reasoned." *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1053 (Pa. 2003) (cleaned up). In contrast, when parties have introduced deposition testimony into the record, the WCJ must articulate "the actual objective basis for [the WCJ's] credibility determination" in order for the decision to be "adequately reasoned." *Id.*

With respect to the "actual objective basis," "there are countless objective factors which may support the [WCJ's] decision to accept certain evidence while rejecting or discrediting conflicting testimony." *Id.* (cleaned up). For example, "other evidence in the record may provide the objective support necessary" to explain the WCJ's credibility determinations when presented with conflicting deposition testimony. *Amandeo*, 37 A.3d at 76. A WCJ contrasting the description of the claimant's injuries provided by (1) the claimant's doctors, with (2) the employer's doctors is sufficient "actual objective basis." *Id.*

Initially, we note that the record contradicts a factual premise of Employer's argument. Per the WCJ, Dr. Weinstein testified that Brown

10

"accompanied Claimant and provided most of the history due to Claimant's limitations." WCJ Op., 2/3/23, at 8-9. "From the records and history provided by Claimant and . . . Brown," Dr. Weinstein summarized the events that led to Claimant's heart attack. *Id.* at 9.

In our view, this finding is supported by substantial evidence of record. Brown initially testified that he did not give Dr. Weinstein any information but immediately clarified that he did not "*remember* giving him any information." N.T. Brown Dep., 6/24/22, at 17-18 (emphasis added). Brown reiterated that he did not remember telling Dr. Weinstein anything other than wanting 24/7 coverage because Brown could not "sit in the house all day" and needed to work outside. *Id.* at 18.[11]

Further, the WCJ observed Claimant's live testimony and reviewed it along with the other evidence of record, including Dr. Weinstein's testimony. WCJ's Op., 2/3/23, at 10. The WCJ found Claimant's testimony credible, which corroborated the testimony of Drs. Weinstein and Lukacs, and thus provides an adequate basis for her reasoned decision. *See* 77 P.S. § 834; *Amandeo*, 37 A.3d at 76. Finally, this Court will not reweigh conflicting testimony. *See IA Constr.*, 139 A.3d at 161. We thus discern no error with the Board's assessment of the WCJ's credibility findings and holding that the WCJ issued a reasoned decision.

## IV. CONCLUSION

Upon review, the WCJ's decision was not precluded by collateral estoppel because it simultaneously reviewed two successive UR determinations, affording the parties an opportunity to fully litigate whether Claimant's treatment was reasonable and necessary. Therefore, the general rules that would normally

---

[11] Even if Brown's testimony conflicted with Dr. Weinstein's testimony, any such conflict alone does not necessarily result in *reversible* error. *See Se. Pa. Transp. Auth. v. Workers' Comp. Appeal Bd. (Herder)*, 765 A.2d 414, 417 (Pa. Cmwlth. 2000).

11

preclude a litigant from seeking UR absent a change in medical condition or significant lapse of time do not apply. Further, Employer was aware of an issue with Dr. Weinstein's verification that he had supplied Employer with the complete medical records related to Claimant's work injury prior to evidentiary hearings before the WCJ. Because Employer failed to raise this issue with the WCJ, the issue is waived. Finally, the WCJ's decision is reasoned and supported by substantial evidence of record. For these reasons, we affirm the Board's decision. *Bryn Mawr*, 219 A.3d at 1252 n.5.

 

_____

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upper Moreland Township School :
District, :
                     Petitioner :
                               : No. 40 C.D. 2024
               v. :
                               :
Lillian Brooks (Workers' :
Compensation Appeal Board), :
                   Respondent :

## O R D E R

AND NOW, this 20th day of December, 2024, we AFFIRM the December 13, 2023 decision entered by the Workers' Compensation Appeal Board.

 

**LORI A. DUMAS, Judge**